In the Matter of the Estate of HANNAH BLUMENTHAL, Deceased.

GUSTAV BLUMENTHAL et al., as Executors of ALFRED BLUMENTHAL, Deceased, Appellants; WILLIAM GROSSMAN et al., as Executors of HANNAH BLUMENTHAL, Deceased, Respondents.

**Real property — estate by entirety — sale — bond and mortgage given as part of purchase price of real estate held as an estate in entirety by husband and wife and sold by them to mortgagor — bond and mortgage owned by them as tenants in common and did not pass to wife upon death of her husband.**

1. Estates by entirety are peculiar to real estate. No such thing exists, except by analogy, as to personal property.

2. A husband and wife, who owned real property as an estate in entirety, sold and conveyed it in fee and, as part of the consideration, the purchaser executed and delivered to them a bond and mortgage payable to " Alfred Blumenthal and Hannah Blumenthal, his wife." There was no mention in the bond and mortgage that the security was to be held in joint tenancy and nothing to show who owned or paid for the property in the first place or that it was the intention of the mortgagees that the ownership of the bond and mortgage should be joint. The real estate was sold, the estate by entirety ended and in its place there was a purchase-money mortgage in the name of the husband and wife without anything to show whose money it represents. It is the presumption that each owned one-half. (Real Prop. Law, § 66; Cons. Laws, ch. 50.) The intention of the husband is the thing to be looked for. Under the circumstances the bond and mortgage were held in common and the husband and wife had an equal share or ownership therein. Therefore, the executors of the estate of the wife, both husband and wife having died as the result

of an accident, cannot maintain an action to have it declared that the widow as the survivor, and her estate since her death, was the sole owner of the bond and mortgage because it was a substitute for the real estate held by husband and wife as an estate in entirety. (*West v. McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518, distinguished.) *Matter of Blumenthal*, 205 App. Div. 884, reversed.

(Argued October 2, 1923; decided November 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 16, 1923, which unanimously affirmed an order of the New York County Surrogate's Court requiring the executors of Alfred Blumenthal, deceased, to deliver a certain bond and mortgage to the petitioners.

*Edmond E. Wise, Isaac Lande* and *Milton Winn* for appellants. There is no tenancy by the entirety in personal property. Section 66 of the Real Property Law, providing that a grant or devise to two or more persons shall be a tenancy in common unless expressly declared to be in joint tenancy, is controlling. Tenancy by the entirety of husband and wife in the real property ceased and was destroyed upon its conveyance and their share in the purchase-money mortgage taken in their joint names was that of tenants in common. (*Matter of Albrecht*, 136 N. Y. 91; *Matter of McKelway*, 221 N. Y. 15; *Matter of Baum*, 121 App. Div. 496; *Matter of Kimberly*, 150 N. Y. 90; *Overheiser v. Lackey*, 207 N. Y. 229; *Bertles v. Nunan*, 92 N. Y. 152; *Hiles v. Fisher*, 144 N. Y. 306; *Matter of Goodrich v. Vil. of Otego*, 216 N. Y. 112.) In the absence of an agreement to that effect, or of a gift, the wife does not take the whole mortgage by survivorship. (*Matter of Baum*, 121 App. Div. 496; *Hicks v. Cochran*, 4 Edw. Ch. 107; *Moore v. Moore*, 47 N. Y. 467; 1 Preston on Estates, 131; *Oppenheim v. Kridel*, 236 N. Y. 156.)

*Frederick Hemley* and *James T. Brady* for respondents. The bond and mortgage mentioned in the petition were a purchase-money bond and mortgage arising from the sale of real estate owned by Alfred Blumenthal and Hannah Blumenthal, his wife, as tenants by the entirety. Under these circumstances, in the absence of direct evidence to the contrary, the law presumes that the parties intended to take said bond and mortgage as joint tenants, with the right of survivorship, and on the death of either mortgagee said bond and mortgage became the property of the survivor. (*Matter of McKelway*, 221 N. Y. 15; *Matter of Kennedy*, 186 App. Div. 188; *Matter of Kaupper*, 141 App. Div. 54; *Matter of Baum*, 121 App. Div. 496; *Matter of Rapelje*, 66 Misc. Rep. 414; *Overheiser* v. *Lackey*, 207 N. Y. 229; *West* v. *McCullough*, 123 App. Div. 846; 194 N. Y. 518; *Matter of Thompson*, 167 App. Div. 356; 217 N. Y. 609; *Matter of Keil*, 91 Misc. Rep. 667.)

CRANE, J.   Alfred Blumenthal and Hannah Blumenthal, his wife, were the owners as tenants by the entirety of the premises known as Nos. 503–505 West One Hundred and Eleventh street in the borough of Manhattan, city of New York.   They sold the premises, taking back from the purchaser a bond and mortgage executed to Alfred Blumenthal and Hannah Blumenthal, his wife. Thereafter and while the said Alfred Blumenthal and his wife were still the owners and holders of said bond and mortgage, Alfred Blumenthal died on or about the 12th day of June, 1921, and Hannah, his wife, died shortly thereafter on or about the 24th day of June, 1921.   It is said that both died as the result of injuries sustained in a railroad accident in Spain.

A question has arisen regarding the ownership of this purchase-money bond and mortgage.   If the bond and mortgage are to be treated as a substitute for the real estate and as being held by the parties like an estate by

the entirety or in joint tenancy, then Hannah Blumenthal as the survivor and her estate since her death is the sole owner of the securities and entitled to possession thereof. On the other hand, if the bond and mortgage are to be treated like any other bond and mortgage, the execution of the bond and mortgage to Alfred Blumenthal and Hannah Blumenthal, his wife, amounted to an ownership in common and each owned one-half of the amount of the security. Upon the death of either the half would pass to his or her estate. There was no mention in the bond and mortgage that the security was to be held in joint tenancy.

The executors of Hannah Blumenthal's estate brought proceedings before the surrogate against the executors of Alfred Blumenthal's estate to compel them to turn over to the petitioners the bond and mortgage, claiming that Hannah as survivor was the sole owner thereof. The learned surrogate and the Appellate Division, on appeal, were of the opinion that the petitioners were right and cited *Matter of Kennedy* (186 App. Div. 188, third department). This is an authority on the point as it was there decided that a purchase-money mortgage arising from the sale of real estate owned by the husband and wife as tenants by the entirety takes the place of the real estate, and presumptively on the death of either mortgagee passes to the survivor as the real estate which it replaced would have done. *Matter of Baum* (121 App. Div. 496, second department) is an authority the other way, for it was there decided that when husband and wife being tenants by the entirety, convey land and take back a purchase-money mortgage payable to both, the survivor is not entitled to the whole proceeds of the mortgage. The courts below were of the opinion that the second department had later reconsidered this conclusion in *West* v. *McCullough* (123 App. Div. 846; affd., 194 N. Y. 518). The two cases were dissimilar in principle. The *Baum* case was an estate by the entirety, later changed

into a mortgage in the names of husband and wife. It did not appear who had purchased the property or that the husband had ever been the *sole* owner of it at any time. The very opening sentence of the *McCullough* case shows the difference. "When George W. McCullough changed the savings bank account to the names of himself and wife he had controlling authority for believing that that act evidenced an intention on his part to benefit his wife to the extent of a right of survivorship in said fund, and that nothing remained to be done to effectuate that intention." (p. 847) Here is the point of difference and the point of the case.

The intention of the husband is the thing to be looked for. When he takes the title out of his own name and shares it with his wife, it has been said that this evidences an intention that she shall take by survivorship. (See cases cited in *Kennedy Case, supra.*) The presumption does not apply to one not a wife. (*Matter of Bolin,* 136 N. Y. 177.) But how can we discover any such intention when we do not know who owned or paid for the property in the first place? Such an instance was touched upon correctly by the late Mr. Justice BURR in *Matter of Kaupper* (141 App. Div. 54, 57). "In the absence of direct evidence as to the intent, the law deals with presumptions. It has been held that if the husband and wife each contribute to a joint investment, or to the purchase of a security, and the title is taken in their joint names to be held by them, their executors, administrators or assigns, no presumption arises from the nature of the act that either intended to make a gift of his or her share to the survivor, and they would hold the same as tenants in common. On the other hand, where a husband purchases with his own funds personal property, taking the title thereto in the joint name of himself and his wife, or makes a deposit in the savings bank of his own funds in their joint names, in the absence of other evidence the presumption will be that he intended to confer upon his

wife the right of survivorship. * * * Where it does not appear to whom the money belonged when it was placed in the bank, or who placed it there, although the bank book may be in the joint name of husband and wife, in the absence of other evidence of intent the presumption will obtain that each had an equal interest therein. (*Wetherow* v. *Lord*, 41 App. Div. 413.)"

So in this case of the estate by the entirety, the real estate was sold, the estate ended and in its place we find a purchase-money mortgage in the name of husband and wife without knowing whose money it represents. The furthest a reasonable presumption will carry us is that each owns one-half. This is just what the statute says.

Section 66 of the Real Property Law (Consol. Laws, ch. 50) reads: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy." This applies also to personal property. (*Matter of Kimberly*, 150 N. Y. 90.) There was no mention of a joint tenancy in the mortgage, the grant being " to Alfred Blumenthal and Hannah Blumenthal, his wife." To say that " the mortgage took the place of the real estate," as was said in the *Kennedy* case, is merely to jump at a conclusion. Such could be said about a mortgage given in part payment if it covered other property than that sold or could likewise be said about any security given in payment. True it would take the place of the real estate as a possession of like value but not necessarily of like ownership. Estates by entirety are peculiar to real estate. No such thing exists, except by analogy, as to personal property. (*Matter of Albrecht*, 136 N. Y. 91; *Matter of McKelway*, 221 N. Y. 15.)

The real property which Alfred Blumenthal and Hannah Blumenthal, his wife, owned, was deeded away by them. It was sold. It was conveyed by a deed passing title in

fee.ʹ By the deed all the interest which Blumenthal and his wife had in the real property completely passed out of it. Their interest in the real property ceased to exist. Their tenancy by the entirety came to an end. They took back as part of the purchase price a bond and mortgage. That the mortgage given to secure the bond happened to be a purchase-money mortgage or a mortgage upon the property which they had conveyed is a mere incident. They might have taken a mortgage upon any other piece of property. The ownership which they had in the bond and mortgage was not dependent upon the piece of property that was given as security but upon the wording of the instrument. A mortgage is merely a chose in action and personal property. (*Matter of Albrecht*, 136 N. Y. 91.) The bond was the principal debt. The mortgage was merely security. It granted the property upon the terms and conditions stated in the mortgage, " to Alfred Blumenthal and Hannah Blumenthal, his wife."

This is all we have. There is nothing else to indicate the intention of the parties except these words. Under these circumstances the bond and mortgage were held in common and the husband and wife had an equal share or ownership therein.

The orders of the Appellate Division and the surrogate must be reversed and the petition dismissed, with costs.

McLaughlin, J. (dissenting). Alfred and Hannah Blumenthal were husband and wife. Alfred died on June 12, 1921, and Hannah twelve days later. Each left a last will and testament, which have been admitted to probate and letters testamentary issued to the executors therein named. During their lifetime they owned certain real estate in the city of New York as tenants by the entirety, which they sold, taking in payment a bond of the purchaser, the payment of which was secured by a purchase-money mortgage. The purchase price of the

real estate was made payable by the terms of the bond
and mortgage to Alfred Blumenthal and Hannah Blumen-
thal, his wife.   At the time of Alfred's death the bond
and mortgage were in his possession and since his death
the same have been retained by his executors, they refusing
to turn the same over to the executors of Hannah.   This
proceeding was instituted to compel such delivery.   The
surrogate found, upon facts which were not disputed,
that the bond and mortgage belonged to Hannah, she
having survived the death of her husband, and directed
his executors to deliver the same to her executors.   On
appeal to the Appellate Division the order was unani-
mously affirmed.   The appeal to this court is by
permission.

I am of the opinion that Hannah, having survived the
death of her husband, thereby became the owner of the
bond and mortgage.   This conclusion, it seems to me,
is sustained by the great weight of authority in this
country and in England.   (See *George* v. *Dutton*, 8 Am.
Law Rep. Ann. 1014, note, p. 1017, and authorities
there cited.)

In reaching this conclusion I am not unmindful of the
fact that this court has held that the law does not
recognize such a thing as tenancy by the entirety in
personal property.   (*Matter of Albrecht*, 136 N. Y. 91;
*Matter of Mc Kelway*, 221 N. Y. 15.)   It does, however,
recognize such an interest in personal property, whether
it be called tenants by the entirety, tenants in common,
or any other name, that where securities be taken in the
names of a husband and wife, the right of survivorship
exists, unless there be something to show a contrary
intent.   Thus, where one loaned money and took from
the borrower a promissory note payable to the order of
himself and his wife, it was held the same belonged to
her as survivor.   (*Sanford* v. *Sanford*, 45 N. Y. 723.)
This authority was cited with approval in *Fowler* v.
*Butterly* (78 N. Y. 68, 72); also in *Augsbury* v. *Shurtliff*

(180 N. Y. 138, 147). In the latter case the court said: " When a husband takes securities payable to himself and his wife, they become hers if she survives him, and delivery thereof to her by him is not necessary to perfect the gift. * * * This is upon the theory of a gift where there is no consideration, but where there is a contract between husband and wife, resting upon a mutual and equal consideration, providing that the security created by both and standing in their names severally shall belong to the survivor, effect must be given to it or the law of contracts is violated."

It has been held that where a husband deposits money in a savings bank in the name of himself and wife, the presumption is, in the absence of evidence to the contrary, that he intended to confer upon her the right of survivorship, even though he never delivered the bank books to her and made certain withdrawals from the account. (*West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518.)

The same presumption prevails where a husband purchases securities with his own funds and takes title thereto in the names of himself and wife. (*Matter of Kaupper*, 141 App. Div. 54; affd., 201 N. Y. 534. See, also, *Matter of Thompson*, 167 App. Div. 356; affd., 217 N. Y. 609.)

Nor have I been able to find any authority in this state to the contrary, except *Matter of Baum* (121 App. Div. 496), and that case, I think, was overruled by *West* v. *McCullough* (*supra*). The doctrine of that case certainly has not been approved by this court as the authorities above cited indicate.

The title to the real estate was held by the husband and wife as tenants by the entirety. The presumption is, if a presumption is to be indulged in, that both contributed towards its purchase. The mortgage took the place of the real estate and on the death of either mortgagee passed to the survivor, as the real estate which it replaced would have done. (*Matter of Kennedy*, 186

App. Div. 188.) Had cash been paid and deposited in a bank to the credit of the husband and wife, it unquestionably, on the death of one, would have passed to the survivor. On principle and authority I am unable to see that a different rule should be applied because a bond and purchase-money mortgage were taken instead of money.

I, therefore, dissent from the decision about to be made and vote to affirm the order appealed from.

HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur with CRANE, J.; McLAUGHLIN, J., reads dissenting opinion, with whom HISCOCK, Ch. J., concurs.

Orders reversed, etc.