MERRY M. DENNIS, As EXECUTRIX OF THE LAST WILL AND TESTAMENT OF FRANK H. DENNIS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50263.    Promulgated October 6, 1932.

*William MacFarlane, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

**OPINION.**

SMITH: The first issue was disposed of at the hearing when the respondent conceded that the petitioner was entitled to a proper credit for the inheritance tax paid to the State of New York.

As to the second issue, the petitioner contends that the property acquired by the decedent and his wife as tenants by the entirety

prior to the enactment of the estate-tax law of 1916 should not be included in the gross estate. This contention has heretofore been fully considered and decided adversely to the petitioner in *Sally S. Levy*, 25 B. T. A. 1174, where we held that such property constituted a part of the decedent's gross estate. The property there, as here, was that of a deceased resident of the State of New York; and the New York law regarding estates by the entirety was held not to prevent the inclusion of such property as a part of the taxable estate. Following *Sally S. Levy, supra*, and cases there cited, the respondent's determination in this respect is sustained.

As to the third issue, the respondent contends that the decedent and his wife held the mortgages as joint tenants and that the full amount thereof should be included in the gross estate, whereas the petitioner insists that the decedent and his wife held the mortgages as tenants in common and that only one-half of the amount of the mortgages should be included in the gross estate.

In *Ada M. Slocum*, 21 B. T. A. 169, 173, we considered a similar question arising under the laws of Michigan, where real estate held by the entireties had been sold and the proceeds, including a land contract, were held to be personalty and only one-half thereof to be included in the decedent's gross estate. We there said:

> In general, when an estate by the entirety has been sold by husband and wife the proceeds thereof in money belong to them in equal parts. By such sale they cease to have any estate in the land, and it is not necessary to treat the proceeds of the sale as being held by them in the same manner and subject to the same law in order to secure to either of them the enjoyment of the land. Having parted with their estate by their voluntary conveyance, the personalty received therefor is regarded not as land, but as personal property. See Thompson on Real Property, vol. 2, sec. 1752, and authorities there cited.

The law of New York is substantially the same as that prevailing in Michigan. Upon the sale of the real estate held by the decedent and his wife as tenants by the entirety and the acceptance of purchase money mortgages and bonds made payable to both, the estate by the entirety ended (see *In re Thompson*, 142 N. Y. S. 1064), and since there is no estate by the entireties in personal property under New York law (see *In re Baum*, 106 N. Y. S. 113), and there was no express declaration that the decedent and his wife held the mortgages as joint tenants, the bonds and mortgages made payable to "Frank H. Dennis and Merry M. Dennis, his wife," were held in common, and each had a similar share or ownership therein. See *In re Blumenthal's Estate*, 236 N. Y. 448; 141 N. E. 911, 913; where the Court of Appeals said:

> The real property which Alfred Blumenthal and Hannah Blumenthal, his wife, owned, was deeded away by them. It was sold. It was conveyed by a deed passing title in fee. By the deed all the interest which Blumenthal and

his wife had in the real property completely passed out of it. Their interest in the real property ceased to exist. Their tenancy by the entirety came to an end. They took back as part of the purchase price a bond and mortgage. That the mortgage given to secure the bond happened to be a purchase-money mortgage or a mortgage upon the property which they had conveyed is a mere incident. They might have taken a mortgage upon any other piece of property. The ownership which they had in the bond and mortgage was not dependent upon the piece of property that was given as security, but upon the wording of the instrument. A mortgage is merely a chose in action and personal property. *Matter of Albrecht*, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700. The bond was the principal debt. The mortgage was merely security. It granted the property upon the terms and conditions stated in the mortgage, " to Alfred Blumenthal and Hannah Blumenthal, his wife."

This is all we have. There is nothing else to indicate the intention of the parties except these words. Under these circumstances the bond and mortgage were held in common and the husband and wife had an equal share or ownership therein.

See also *Brosnan* v. *Gaffney*, 204 N. Y. S. 846; *In re Grossman's Estate*, 236 N. Y. S. 630; *Villone* v. *Villone*, 239 N. Y. S. 49.

The petitioner's contention is sustained and only one-half of the amount of the mortgages should be included in the gross estate. Cf. *Ada M. Slocum, supra.*

*Judgment will be entered under Rule 50.*