In the Matter of the Estate of JAMES M. O'DONNELL, Deceased.

Surrogate's Court, Erie County, April 27, 1933.

*James T. Driscoll* [*Charles W. Strong* of counsel], for the administratrix.

*Moot, Sprague, Brownell, Marcy, Carr & Gulick* [*William L. Marcy, Jr.,* of counsel], for the petitioner.

*Harvey D. Blakeslee,* administrator *de bonis non,* in person.

HART, S. This is a proceeding for the final judicial settlement of the accounts of Alice M. O'Donnell, the former administratrix of the estate of James M. O'Donnell, late of the city of Buffalo, Erie county, N. Y., deceased.

It appears from the account filed, and the proceedings taken in this matter, that there was a certain mortgage executed by Barneth Satuloff and Tennie Satuloff to James M. O'Donnell and Alice M. O'Donnell, his wife, dated the 25th day of January, 1923, and recorded in the Erie county clerk's office on the 26th day of January, 1923, at eleven-thirty-two o'clock A. M., in liber 1692 of Mortgages at page 419, together with a bond in connection with said mortgage, this bond and mortgage being given to secure the payment of $23,000.

It further appears that said mortgage was a secondary lien on the premises covered thereby, and that said premises consisted of three separate parcels of land which were contiguous, the title to one of said parcels being held in the name of James M. O'Donnell; the title of the second parcel being held in the name of Alice M.

O'Donnell, and the title of the third parcel being held in the joint names of James M. O'Donnell and Alice M. O'Donnell, his wife, and that the property was transferred by deed to the Satuloffs, and the mortgage in question given to James M. O'Donnell and Alice M. O'Donnell, his wife. There was nothing mentioned in the bond and mortgage that the security was to be held in joint tenancy.

It further appears that at the time said deed was given and said bond and mortgage executed, the cash received by the O'Donnells as a down payment was deposited in a bank in the joint names of James M. O'Donnell and Alice M. O'Donnell, either or survivor to draw, and that the installments of interest received from time to time were so deposited.

It is the opinion of this court that it is the lay conception that mortgages similarly given to husband and wife are held in joint tenancy, but as said instrument contains no mention of survivorship, and the property was not entirely owned by one party, I am, therefore, constrained to agree with the opinion in *Matter of Blumenthal* (236 N. Y. 448).

I, therefore, find and decide that the mortgage in question was held in common and that the estate of James M. O'Donnell is entitled to one-half of the amount remaining unpaid thereon, and Alice M. O'Donnell to the other half.

A decree may enter accordingly.