In the Matter of the Estate of ARCHIBALD R. GARDNER, Deceased.

Surrogate's Court, Westchester County, December 7, 1939.

*Powell Crichton* [*Harry Loeb Mostow* of counsel], for Powell Crichton, as executor, etc.

*C. Monteith Gilpin* and *Jerome D. Gedney* [*Israel Machtey* of counsel], for the respondent.

MILLARD, S. This is a discovery proceeding brought by the executor of testator's estate for the purpose of determining the ownership of a bank account in The Chase National Bank of New York City and 100 shares of Union Pacific Railroad Company stock.

It appears from the evidence that testator carried a regular checking account in The Chase National Bank from October 1, 1914, until August 22, 1932, when this account was closed and a new one opened in the names of decedent and his wife. To accomplish this change, the testator and his wife executed and acknowledged an instrument in the following form:

### " JOINT ACCOUNT DECLARATION

" We hereby severally declare and state to THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, that any and all securities and moneys now held or hereafter received by said bank, for our account, or for account of either of us, and the proceeds of and income derived from any such securities, are and will be our joint property; that each of us shall have complete and absolute authority over the whole or any part thereof during our joint lives, and that the entire right, title and interest therein shall vest in the survivor.

" The terms of this declaration shall be binding upon our several heirs, next of kin, and legal representatives. Dated 19th day of August, 1932.

" A. R. GARDNER.
" DOROTHY R. GARDNER."

The signature card pertaining to this account contains the typewritten names " A. R. Gardner and/or Dorothy R. Gardner " together with a specimen signature of each. The reverse side of this card contains the date August 22, 1932, together with certain printed matter. These two instruments were filed simultaneously with The Chase National Bank and the account opened on August 22, 1932.

It is conceded that the initial deposit in this account was made by transferring the balance remaining to the credit of testator in his old account. It is further conceded that all subsequent deposits, with the exception of one small item, were made by the testator and that although he drew more than 1,500 checks against the account, his wife drew none until after his death, when she withdrew the entire balance amounting to $10,847.53.

I am satisfied from the evidence that the account in question was created in substantial compliance with subdivision 3 of section 134 of the Banking Law. The parties thus became joint tenants with the right of ownership in the survivor unless a contrary intention was shown to have existed at the time the account was opened. No direct evidence of a contrary intention has been shown. The executor relies on proof of the fact that testator exercised practically complete control over the account during his lifetime, together with the fact that substantially all moneys deposited in the account belonged to the testator. In *Matter of Fenelon* (262 N. Y. 308, 311) the court stated: " It is not the pass book which governs, for that word is not used in the statute. It is the ' making ' of the deposit in statutory form which controls. How, then, is that accomplished? We think the deposit is made when the initial deposit moneys are paid over, with instructions to credit the same in a certain form and the deposit is accepted and credited as directed."

Although the court in that case was considering a savings bank account, I think the rule enunciated is equally applicable to commercial accounts. When, in a transaction between husband and wife, a husband takes the title to personal property out of his own name and shares it with his wife, it has been held that a presumption arises that he intended to confer upon his wife the right of survivorship. (*Matter of Blumenthal*, 236 N. Y. 448, 453, and cases therein cited.)

I, therefore, hold, upon all the evidence, that Dorothy R. Gardner became the owner and entitled to possession of the entire balance of funds remaining in the bank account in question.

The certificate for 100 shares of Union Pacific Railroad Company stock was purchased by the testator in the month of September, 1921, and issued, presumably at his direction, in the name of his wife, Dorothy R. Gardner. After decedent's death, this certificate was found in a safe deposit box to which both testator and his wife had access. This box also contained a large number of securities which were concededly the property of decedent, as well as several articles of jewelry and other property belonging to the respondent. The evidence shows that the respondent received all dividends paid on the Union Pacific stock since the date of its purchase, and that decedent had told one witness, a business associate, prior to its purchase, that he was buying the stock for his wife. The reverse side of this certificate bears the indorsement of Dorothy R. Gardner in blank, the date, March 15, 1923, and the signature of a witness who was not produced. The certificate, when removed from the safe deposit box, was inclosed in a manila envelope upon which was written " The property of A. R. Gardner." The latter being

a self-serving declaration is entitled to no weight in determining the ownership of the stock certificate. The executor has failed to establish his claim to the certificate in question, and I accordingly hold the ownership thereof to be in Dorothy R. Gardner.

Settle order.