CITY BANK FARMERS TRUST COMPANY, AS EXECUTOR OF THE ESTATE OF JULIAN PEABODY (ALSO KNOWN AS JULIAN LIVINGSTON PEABODY), DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90468.   Promulgated January 5, 1940.

*James Lloyd Derby, Esq.*, for the petitioner.
*Benjamin M. Brodsky, Esq.*, for the respondent.

### OPINION.

HILL: Respondent determined a deficiency in the Federal estate tax liability of petitioner in the amount of $4,913.94, only a portion of which is in controversy. The sole issue raised by the pleadings is whether or not respondent "erred in including in the decedent's gross estate, as property jointly owned, the sum of $44,450 representing the entire value of improvements upon land situated in Westbury, Nassau County, New York, instead of the sum of $22,225, or one-half the value of said improvements."

The decedent, Julian Peabody, and his wife, Celestine H. Peabody, acquired by gift from the wife's mother approximately twenty acres

1

of land situated at Westbury, Nassau County, New York. The land was acquired in 1913, and decedent and his wife took title as joint tenants. Subsequent to 1913, certain improvements were constructed upon the property, and decedent and his wife made the property their home.

On or about January 24, 1935, decedent and his wife perished at sea in a common disaster, namely, the shipwreck of the *S. S. Mohawk*.

In the Federal estate tax returns filed for Celestine H. Peabody, deceased, and for Julian Peabody, deceased, 50 percent of the value of the improvements before mentioned was included in each. Upon audit of the return filed for Celestine H. Peabody, deceased, respondent withdrew from her estate 50 percent of the value of such improvements and included same in the value of the gross estate of decedent. Thereupon a refund was made to the estate of Celestine H. Peabody of the amount resulting from that adjustment.

The value of the improvements in question was $44,450. Respondent determined the deficiency in controversy on the basis of his holding that the decedent paid the entire cost of the improvements.

Petitioner contends (1) that the question at issue must be resolved by the laws of the domicile, the State of New York; (2) that by the deaths of the joint tenants in a common disaster, the joint tenancy was converted by operation of state law into a tenancy in common; (3) that in the case of a tenancy in common, the presumption in New York is that the tenants owned the property in equal shares; and (4) that since respondent has failed to prove that at the time of his death decedent owned a greater interest in the property than one-half, his determination is arbitrary and there is no presumption that it is correct.

In support of point (3), petitioner cites *In re Blumenthal's Estate*, 236 N. Y. 448; 141 N. E. 911; *Jackson* v. *Moore*, 94 App. Div. 504; 87 N. Y. S. 1101; *Wetherow* v. *Lord*, 41 App. Div. 413; 58 N. Y. S. 778. These cases do not appear to hold, as argued by petitioner, that in New York the presumption is that tenants in common own the property in equal shares, but that such presumption is indulged only "in the absence of any evidence on the subject."

In support of its second contention, petitioner cites, among others, *In re Fowles' Will*, 222 N. Y. 222; 118 N. E. 611; *Bierbrauer* v. *Moran*, 244 App. Div. 87; 279 N. Y. S. 176; and *Stelz* v. *Schreck*, 128 N. Y. 263; 28 N. E. 510. These decisions hold to the effect that, where two or more persons who own property jointly perish in a common disaster, there is no presumption of survivorship in New York, that survivorship is a matter of proof, and where there is no proof, such circumstances result in the devolution of the property as if it had been held by the decedents as tenants in common. Petitioner further argues under its second contention that, in order to bring this case within the pur-

3

view of section 302 (e) of the Revenue Act of 1926 as amended,[1] respondent must show that decedent's wife survived him.

Petitioner's position, we think, is untenable. The burden of proof is on the taxpayer to show that the Commissioner's determination is invalid, *Lucas* v. *Structural Steel Co.*, 281 U. S. 264, 271; *Wickwire* v. *Reinecke*, 275 U. S. 101, 105; *Welch* v. *Helvering*, 290 U. S. 111, 115, and in the absence of such proof, the Commissioner's determination must be approved. This rule is subject only to the modification that if the taxpayer shows that the Commissioner's determination is arbitrary and excessive "without rational foundation", it will not be enforced even though the correct amount of tax lawfully due is not established. *Helvering* v. *Taylor*, 293 U. S. 507. Obviously the principle applied in the *Taylor* case is not applicable here. Petitioner has not shown that respondent's determination is arbitrary or excessive but seeks to shift to respondent the burden of proving the material facts upon which his determination rests. To sustain petitioner's contention on this point would be to destroy wholly the primary presumption of correctness which attaches in all cases to respondent's determination of a tax deficiency.

Respondent's determination of deficiency in the present case is based squarely upon his holding that the decedent paid the cost of the improvements involved, and hence the value of such improvements, the amount of which the parties have stipulated, is includable in decedent's gross estate. Petitioner seeks to shift to respondent the burden of proving the shares owned by decedent and his wife in the property as tenants in common on the theory that in the absence of such proof the presumption in New York is that each owned a one-half interest. A similar contention was considered in *Robinson* v. *Commissioner*, 63 Fed. (2d) 652, where the taxpayer sought the benefit of a presumption arising under the law of Michigan to the effect that a joint bank account would be treated as owned in equal shares in the absence of evidence to the contrary. The court said:

But the Revenue Act provides that all of the amount of such deposit shall be included in the decedent's estate, except such part as may be shown to have

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

* * * * * * *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth; *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: * * *

originally belonged to the survivor. This provision can not, we think, be vitiated by a state court decision construing a state statute as giving rise to a presumption. * * * As said in *New Orleans & N. E. R. Co.* v. *Harris*, 247 U. S. 367, * * * "the question of burden of proof is a matter of substance and not subject to control by laws of the several states."

In *Colonial Trust Co., Executor*, 38 B. T. A. 1398, we held that where securities and cash were added to a trust and it was not disclosed by whom the contributions were made, the decedent's interest in the trust as determined by respondent would not be disturbed.

In *Foster* v. *Commissioner*, 90 Fed. (2d) 486, affd., 303 U. S. 618, it was held that where the executor of an estate contended that only one-half of the total value of the property held by decedent and his wife as joint tenants should be included in the decedent's gross estate, the burden of proof was on the executor to show the part that originally belonged to the wife, or the proportionate part of the consideration furnished by the wife, and in the absence of such proof, the Commissioner's action in including the entire value of the property in the decedent's gross estate was approved.

The rule is none the less applicable, if, as suggested in the petition filed in the present case, there is no evidence available to establish the essential facts. The impossibility of producing such proof does not aid petitioner here. Such a situation "simply leaves the claimant upon whom the burden rests with an unenforceable claim, a misfortune to be borne by him as it must be borne in other cases, as the result of a failure of proof." *Burnet* v. *Houston*, 283 U. S. 223.

The issue presented here is not, in our opinion, controlled by the laws or decisions of the courts of the State of New York, as argued by petitioner. While the quantum or quality of ownership of property is a question of state law, the power of Congress to tax is not subject to state control. "State law may control only when the operation of the federal taxing Act, by express language or necessary implication, makes its own operation dependent upon the state law." *Burnet* v. *Harmel*, 287 U. S. 103. To the same effect is *Bankers' Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308. And compare *Allen* v. *Henggeler*, 32 Fed. (2d) 69.

Since petitioner has failed to show that the entire cost of the improvements on the property owned by decedent and his wife at the time of their deaths was not paid by decedent, it is immaterial whether they held such property as joint tenants or tenants in common, or whether the one survived the other. In either event, the amount properly includable in decedent's gross estate would not be less than the amount so included by respondent.

*Decision will be entered for the respondent.*