E. Jan Roberts, Petitioner *v.* Commissioner of Internal Revenue, Respondent

Docket No. 2868–72. Filed September 23, 1974.

*Martin Radoff*, for the petitioner.
*Stephen B. Zorick, Jr.*, for the respondent.

Simpson, *Judge:* The Commissioner determined a deficiency of $1,081.09 in the petitioner's Federal income tax for the year 1969. The issues to be decided are: (1) Whether the Commissioner was arbitrary and unreasonable in not allowing the petitioner's deductions for a casualty loss and employee business expenses; (2) whether the petitioner has the right to have his return presumed correct because it was signed under penalties of perjury; (3) whether the petitioner's fifth amendment privilege against self-incrimination is violated by requiring him to bear the burden of proving his claimed deductions; (4) whether the petitioner has sustained his burden of proving his claimed deductions; and (5) whether the tax surcharge imposed by section 51 of the Internal Revenue Code of 1954 [1] is a tax imposed on income.

#### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, E. Jan Roberts, resided in Los Angeles, Calif., at the time of filing his petition herein. He filed his individual Federal income tax return for the year 1969 with the district director for Southern California.

During the year 1969, the petitioner was employed as a contracts consultant and in public relations. He also prepared tax returns. On

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

his tax return for 1969, the petitioner claimed a deduction from gross income of $3,963.18 as employee business expenses. The petitioner also itemized his deductions from adjusted gross income. Of these deductions, only the casualty loss deduction for $470 and the medical deduction of $402.40 are in issue. The petitioner paid the tax which he determined was due, including a tax surcharge imposed by section 51 in the amount of $40.

The petitioner's tax return for 1969 was selected for audit by the Commissioner. In administrative conferences, the petitioner was asked to furnish proof to support his claimed employee business expenses and casualty loss. He did not attempt to do so. The Commissioner thereupon determined that the petitioner's deductions for those items were disallowed. After recomputing the petitioner's adjusted gross income, the Commissioner made a corresponding adjustment in the petitioner's deduction for medical expenses. Other deductions claimed by the petitioner were not disallowed.

At the trial of this case, the petitioner testified that he had documents establishing his claimed deductions. He also testified that his return was correct. However, he refused to offer such documents in evidence, based on his claimed privilege against self-incrimination.

OPINION

The first issue we must decide is whether the Commissioner was arbitrary and unreasonable in not allowing the petitioner's deductions for his employee business expenses and casualty loss.

Section 6201(a) authorizes and requires the Secretary of the Treasury or his delegate to make inquiries, determinations, and assessments of all taxes imposed by the Internal Revenue Code. The Secretary has delegated this authority to the Commissioner and members of his staff, including the district directors. Sec. 301.6201–1, Proced. & Admin. Regs. In most cases, if the Commissioner or a member of his staff determines that there is a deficiency in any tax, the petitioner then has the burden of proving such determination to be incorrect. *Welch* v. *Helvering*, 290 U.S. 111 (1933); *Burnet* v. *Houston*, 283 U.S. 223 (1931); *Fuller* v. *Commissioner*, 313 F. 2d 73 (C.A. 6, 1963), affirming on this issue a Memorandum Opinion of this Court. However, if the petitioner can show that the determination by the Commissioner was arbitrary and unreasonable, the burden of proof is shifted to the Commissioner. *Helvering* v. *Taylor*, 293 U.S. 507 (1935).

The petitioner apparently contends that the Commissioner's determination was arbitrary and unreasonable—because of the alleged manner in which his return was selected for audit, and because his deductions were denied without citing specific statutory authority for doing so. We must decide whether the determination was arbitrary.

The petitioner claimed that he had had various disputes with Internal Revenue Service employees over his 1967 Federal income tax return, and that he had been prohibited by the district director from appearing before the Commissioner's agents as a tax adviser. The petitioner suggested that his return was selected for audit because of those controversies. However, the record contains absolutely no evidence as to the reasons for having selected his return for audit and no proof that his return was selected for audit because of those controversies. In view of the petitioner's failure to support his allegations, we do not even reach the question of whether the allegations, if established by competent proof, would be sufficient to shift to the Commissioner the burden of proving the determination to be correct. See *Crowther* v. *Commissioner*, 269 F. 2d 292, 293 (C.A. 9, 1959), reversing on other issues 28 T.C. 1293 (1957) ; *Philip F. Flynn*, 40 T.C. 770 (1963).

The apparent thrust of the petitioner's second argument is that the Commissioner may assess deficiencies only when he has specific information that a claimed deduction is not permitted, and that the Commissioner cannot find a deficiency merely because the petitioner does not attempt to furnish proof of his claimed deduction.[2] We find no merit in this argument. Taxpayers have no inherent right to deductions; they are matters of legislative grace. *Interstate Transit Lines* v. *Commissioner*, 319 U.S. 590, 593 (1943) ; *New Colonial Ice Co.* v. *Helvering*, 292 U.S. 435, 440 (1934). The taxpayer must be able to point to some particular statute to justify his deduction and establish that he comes within its terms. *Deputy* v. *DuPont*, 308 U.S. 488, 493 (1940) ; *White* v. *United States*, 305 U.S. 281 (1938). While the petitioner might have been entitled to some or all of the deductions claimed by him, he refused to furnish the Commissioner with any records or other evidence to prove his right to any of such deductions. Because of such refusal on his part, the petitioner is in no position to challenge the reasonableness of the Commissioner's determination, nor complain of the procedural or evidentiary consequences resulting therefrom. See *Joseph F. Giddio*, 54 T.C. 1530 (1970) ; *Arthur Figueiredo*, 54 T.C. 1508 (1970), affirmed in an unpublished opinion (C.A. 9, Mar. 14, 1973) ; *Marko Durovic*, 54 T.C. 1364, 1390 (1970), affirmed in part, reversed in part on other grounds 487 F. 2d 36 (C.A. 7, 1973), certiorari denied 417 U.S. 919 (1974) ; *Estate of Henry Wilson*, 2 T.C. 1059, 1084–1086 (1943).

The Commissioner's determination is not made arbitrary or unrea-

---

[2] The petitioner apparently does not contend that the notice of deficiency was too vague and inadequate. There would be no grounds for such contention. See *Barnes* v. *Commissioner*, 408 F. 2d 65 (C.A. 7, 1969), affirming a Memorandum Opinion of this Court, certiorari denied 396 U.S. 836 (1969) ; *Manuel D. Mayerson*, 47 T.C. 340, 348–349 (1966) ; *Standard Oil Co.*, 43 B.T.A. 973, 998 (1941), affd. 129 F. 2d 363 (C.A. 7, 1942), certiorari denied 317 U.S. 688 (1942).

sonable because of his failure to have all the facts when the failure is caused solely by the petitioner. Surely, a taxpayer cannot thwart a bona fide investigation so easily and benefit thereby. We hold that when a taxpayer refuses to substantiate his claimed deductions, the Commissioner is not arbitrary or unreasonable in determining that the deductions should be denied.

The second issue which we must decide is whether the petitioner's Federal income tax return must be presumed correct. The petitioner signed his return under penalty of perjury, as is required of all taxpayers. Sec. 6065(a). He argues that since he is a resident of California, we must apply to the making of his return a maxim of California jurisprudence, under which it is presumed that the law has been obeyed.[3] According to such argument, his return is thus presumed to be correct, and the Commissioner has the burden of proving it to be incorrect. The California rule is required to be applied, the petitioner claims, by Federal statute[4] and by *Erie Railroad Co.* v. *Tompkins*, 304 U.S. 64 (1938). We do not agree.

"State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law." *Burnet* v. *Harmel*, 287 U.S. 103, 110 (1932). See *Bankers Pocahontas Coal Co.* v. *Burnet*, 287 U.S. 308 (1932). Federal law and not State law determines the presumptions to be applied in interpreting the Internal Revenue Code. *Robinson* v. *Commissioner*, 63 F. 2d 652 (C.A. 6, 1933), affirming 21 B.T.A. 1373 (1931), certiorari denied 289 U.S. 758 (1933); *Estate of Julian Peabody*, 41 B.T.A. 1 (1940). While State law may be determinative of some issues in Federal tax litigation (see, e.g., *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967)), it does not apply to shift the burden of proof to the Commissioner in this case. The California presumption, relied upon by the petitioner in this case, is inconsistent with Federal law. Under such law, merely signing a tax return under penalty of perjury does not establish the facts contained therein. *Seaboard Commercial Corp.*, 28 T.C. 1034, 1051 (1957); *Louis Halle*, 7 T.C. 245, 247–250 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), certiorari denied 338 U.S. 949 (1950). The tax return signed under penalties of perjury is merely a statement of the petitioner's claim (*Seaboard Commercial Corp., supra*); it is not presumed to be correct.

The third issue which we must decide is whether the petitioner's fifth amendment privilege against self-incrimination has been violated by

---

[3] Cal. Civ. Code sec. 3548 (West 1970).

[4] 28 U.S.C. sec. 1652 (1970):

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

requiring him to prove his claimed deductions. U.S. Const. amend. V. The petitioner argues that because his tax return was signed under penalties of perjury, he cannot constitutionally be required to prove his deductions. He claims that the evidence which he could produce might be used against him in a criminal prosecution for willfully making a false statement under penalties of perjury. Sec. 7206 (1).

We need not consider the precise perimeters that the privilege against self-incrimination imposes upon the statutory duties to file returns, to keep substantiating records, and to permit agents to examine the records. See, e.g., *Grosso* v. *United States*, 390 U.S. 62 (1968); *Marchetti* v. *United States*, 390 U.S. 39 (1968); *Shapiro* v. *United States*, 335 U.S. 1 (1948); *United States* v. *Sullivan*, 274 U.S. 259 (1927). There is no evidence indicating that the Commissioner's investigation has been other than an attempt to verify the petitioner's civil tax liability. The Commissioner's attorney advised the petitioner in open court that he was not the subject of a criminal investigation. While we realize that in every investigation there exists the possibility that information made available to the Commissioner might lead to possible criminal prosecution, that possibility does not justify the petitioner's position. See *Boren* v. *Tucker*, 239 F. 2d 767, 772 (C.A. 9, 1956); *Marko Durovic*, 54 T.C. 1364, 1391–1393 (1970). The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. See *Rogers* v. *United States*, 340 U.S. 367, 374 (1951); *Brown* v. *Walker*, 161 U.S. 591, 599–600 (1896).

The petitioner's assertion of an apparently baseless claim of the fifth amendment does not shift the burden of proof to the Commissioner and afford the petitioner a procedural windfall. *Marko Durovic*, *supra*; see *Arthur Figueiredo*, 54 T.C. 1508, 1512–1513 (1970). The Commissioner could have issued a summons for the petitioner's records concerning his claimed deductions. Sec. 7602. It is clear that a claim of his fifth amendment rights by the petitioner would not defeat such a summons in a bona fide civil tax investigation. See, e.g., *Venn* v. *United States*, 400 F. 2d 207, 209 (C.A. 5, 1968); *Wild* v. *United States*, 362 F. 2d 206 (C.A. 9, 1966); *Sanford* v. *United States*, 358 F. 2d 685 (C.A. 5, 1966). If the petitioner's constitutional rights would not be violated through the enforcement of a summons for his tax records, clearly there is no constitutional violation by placing the burden of proof on him.

The petitioner further claims that Congress has violated his constitutional rights under the fourth and fifth amendments by requiring his return to be signed under penalty of perjury; he argues that such a provision should be voided since it entraps the taxpayer. See *Sorrells* v. *United States*, 287 U.S. 435 (1932). The petitioner has failed to

demonstrate any constitutional infringement or entrapment. The argument is void of any logical or legal merit in a case to determine civil tax liability.

The fourth issue we must decide is whether the petitioner has satisfied his burden of proof. Clearly, the burden of proof is on him to prove his claimed deductions. Rule 142 (a), Tax Court Rules of Practice and Procedure; *Welch* v. *Helvering*, 290 U.S. 111 (1933) ; *Burnet* v. *Houston*, 283 U.S. 223 (1931) ; *Oliver* v. *Commissioner*, 364 F. 2d 575 (C.A. 8, 1966), affirming a Memorandum Opinion of this Court. The petitioner's only evidence was his testimony that his return was correct. While the testimony of a taxpayer alone may be sufficient to satisfy his burden of proof with respect to some matters, the petitioner's bare assertion that his return was correct does not satisfy his burden. See *Geiger* v. *Commissioner*, 440 F. 2d 688 (C.A. 9, 1971), affirming per curiam a Memorandum Opinion of this Court, certiorari denied 404 U.S. 851 (1971) ; *Louis Halle*, 7 T.C. 245 (1946).

In addition, the petitioner asserted that he had evidence to sustain his deductions, but refused to produce it. In view of the petitioner's refusal to make the evidence available, we certainly cannot conclude that it does in fact support his claim; indeed, his refusal to produce relevant evidence which he claims to possess raises a doubt as to whether the evidence would in fact support such claim. See *McLaughlin* v. *Pacific Lumber Co.*, 293 U.S. 351 (1934) ; *Brooks* v. *Commissioner*, 35 F. 2d 178 (C.A. 4, 1929), affirming 12 B.T.A. 31 (1928) ; *W. A. Shaw*, 27 T.C. 561, 573 (1956), affd. 252 F. 2d 681 (C.A. 6, 1958). Because the petitioner failed to sustain his burden of proof, the Commissioner's determination must be sustained.

The fifth issue which we must decide is whether the tax surcharge of section 51 is a tax on income within the meaning of the 16th amendment to the Constitution.

The Constitution has given Congress very broad powers to lay and collect taxes. Art. I, sec. 8, cl. 1. However, the power to levy direct taxes is subject to two specific limitations: a direct tax must be apportioned among the several States according to population (art. I, sec. 2, cl. 3), and the tax must be laid in proportion to the census (art. I, sec. 9, cl. 4). Prior to the adoption of the 16th amendment, the Supreme Court ruled that a tax on income from property was a "direct tax" on the property and must be apportioned to be valid. *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U.S. 429 (1895), rehearing 158 U.S. 601 (1895).

The 16th amendment provides that a tax on income, regardless of its source, need not be apportioned and need not be based on a census or enumeration. The amendment did not give Congress a new power to tax, but did abolish any need for apportionment of any income

tax. *Brushaber* v. *Union Pac. R. Co.*, 240 U.S. 1, 17–18 (1916). See *Penn Mutual Indemnity Co.*, 32 T.C. 653, 664 (1959), affd. 277 F. 2d 16 (C.A. 3, 1960).

The petitioner argues that the tax imposed by section 51 is not a tax on income, but rather is a tax on a tax and that as such, it is an unapportioned direct tax. Although the constitutionality of the tax surcharge has been attacked on other grounds (*Pietsch* v. *President of United States*, 434 F. 2d 861 (C.A. 2, 1970)), neither our research, nor the research of counsel, has found another case dealing with the argument made by the petitioner. However, we are convinced that the tax surcharge is a tax on income and does not need to be apportioned.

Section 51(a) (1) (A) provides in pertinent part: "In addition to the other taxes imposed by this chapter, there is hereby imposed on the income of every individual * * * a tax." The amount of such tax is based upon the amount of "adjusted tax," which is defined to mean generally the other taxes imposed on income by chapter 1 of the Code. Sec. 51(b). It is clear that Congress did not intend to tax the privilege of paying taxes, but rather merely sought to increase the tax on income during 1968, 1969, and 1970. Basing the tax surcharge on the "adjusted tax" was simply a means of computing an additional tax on income. Moreover, Congress specifically provided that to the extent the surcharge was attributable to a tax imposed by another section, the surcharge would be deemed imposed by that other section. Sec. 51(f). Congress clearly intended the tax surcharge to be an additional tax on income, and we find no basis for holding otherwise. Accordingly, the petitioner is not entitled to a refund of the tax surcharge he paid.

*Decision will be entered for the respondent.*