ERNETTE A. MUESELER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mueseler v. Commissioner
Docket No. 15044-80.
United States Tax Court
T.C. Memo 1984-583; 1984 Tax Ct. Memo LEXIS 91; 49 T.C.M. (CCH) 8; T.C.M. (RIA) 84583; November 1, 1984. *91 P claimed deductions for a bad debt loss, expenses for computer research, and miscellaneous expenses for protecting and maintaining property. Held, P failed to meet her burden of proof with respect to any of her claimed deductions.Rule 142(a), Tax Court Rules of Practice and Procedure.
Ernette A. Mueseler, pro se. Bernard Oster, for the respondent. SIMPSON MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,968.00 in the petitioner's Federal income tax for 1978. The issues for decision are: (1) Whether the petitioner is entitled to a deduction for a bad debt loss; (2) whether the petitioner is entitled to deduct expenses for computer research; and (3) whether the petitioner is entitled to deduct miscellaneous expenses for protecting and maintaining property. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Ernette Mueseler, resided in Barstow, Calif., at the time she filed her petition in this case. She filed her individual Federal income tax return for 1978 with the Internal Revenue Service Center, Fresno, Calif.
On her Federal *92 income tax return for 1978, the petitioner claimed deductions of $500 as a loss for a bad debt, $4,240 as expenses for computer research, and $2,203 as miscellaneous expenses for protecting and maintaining property. In his notice of deficiency, the Commissioner disallowed all of such deductions for lack of substantiation. The petition in this case was filedon August 5, 1980. On July 21, 1981, the Commissioner filed a motion for an order compelling the petitioner to respond to Respondent's request for production of documents, or for order imposing sanctions under Rule 104, Tax Court Rules of Practice and Procedure.[1] The Commissioner's motion recites that beginning in April 1981, he attempted to secure the petitioner's cooperation in informal discovery, and thereafter, when the petitioner failed to respond, he served on the petitioner a request for production of documents, to which the petitioner also did not respond. By order dated August 19, 1981, the Court ordered the petitioner to respond to the Commissioner's request for production of documents on or before September 18, 1981. Subsequently, by order dated October 19, 1981, the Court extended the time for the petitioner *93 to respond to the Commissioner's request to November 19, 1981. On February 18, 1982, the Commissioner filed a motion to impose sanctions under Rule 104.Such motion states that on November 19, 1981, the Commissioner received a telephone call from L. J. Richardson, who identified himself as a friend of the petitioner, and that Mr. Richardson stated that he would mail some of the petitioner's documents to the Commissioner in order to comply with the Court's order. The documents, which were attached to the Commissioner's motion, do not support the petitioner's claim that she incurred any deductible expenses. Thereafter, two hearings were held on the Commissioner's motion to impose sanctions. The petitioner did not attend either hearing. By order dated December 15, 1982, the Court ordered the petitioner, on or before January 31, 1983, to produce for the Commissioner copies of any documentary evidence covered by the Commissioner's request for production of documents. The Court also ordered that any documents covered by its order which were not produced in compliance with the order would *94 not be admitted into evidence at the time of trial. On January 30, 1983, Mr. Richardson, on behalf of the petitioner, met with the counsel for the Commissioner and presented some documents which were alleged to support the deductions claimed by her, but Mr. Richardson took such documents back and did not allow the counsel to make copies of them. On March 28, 1983, the Commissioner had a subpoena duces tecum served on the petitioner directing her to produce, at the time of the trial of this case, her records in support of the deductions claimed by her. OPINION The petitioner has the burden of disproving the Commissioner's determination. Rule 142(a); Welch v. Helversing,290 U.S. 111 (1933). She had numerous opportunities to produce documentation to substantiate her deductions. At trial, she produced no documentation to substantiate any of the deductions at issue. The petitioner sought to explain her failure by claiming that the documents had been lost. Mr. Richardson did testify that he might have misplaced the petitioner's documents. He testified that he brought certain documents to the Commissioner's office on January 30, 1983, and that although *95 just prior to trial he thought he knew where the documents were, he had been unable to locate them. However, it is not clear that any documents have in fact been lost. The petitioner was ordered to produce her documents on several occasions, but she failed to do so; there is a question as to whether her failure to produce them at the trial is merely another example of her ignoring an order of the Court. Also, there was testimony indicating that no effort was made to locate the documents until shortly before the trial; there is a question as to whether they might have been produced if a more extensive search, commencing well before the trial, had been made. Moreover, there is reason to believe that the records claimed to have been lost would not support the decuctions claimed by her. The counsel for the Commissioner stated that the documents previously shown to him by Mr. Richardson appeared to relate to the petitioner's claimed expenses for computer research, but that he saw receipts totaling only $80 to $100. The petitioner was given an opportunity to testify, but her testimony with respect to the three deductions at issue was vague and not persuasive. We are not *96 required to, nor do we, accept the petitioner's improbable and uncorroborated testimony with respect to the deductions at issue. Quock Ting v. United States,140 U.S. 417 (1891); Archer v. Commissioner,227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court. On the record before us, we hold that the petitioner has failed to meet her burden of proof with respect to any of the deductions at issue. Rule 142(a); Welch v. Helvering,supra;Roberts v. Commissioner,62 T.C. 834 (1974). Decision will be entered for the respondent.
Footnotes
1. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩