T.C. Memo. 2018-166

UNITED STATES TAX COURT

SEMERE MISGINA HAGOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10928-16.                    Filed October 1, 2018.

Semere Misgina Hagos, pro se.

<u>D'Aun E. Clark</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Mr. Hagos was an Uber driver in 2014, and he reported

expenses on Schedule C, Profit or Loss From Business, of his income tax return

**[\*2]** for that year.  Some of those expenses are in dispute as well as the accuracy-related penalty under section 6662(a)[1].

The notice of deficiency which is the basis of our jurisdiction was for 2013 and 2014, but respondent has conceded 2013.

FINDINGS OF FACT

At the time the petition was filed, Mr. Hagos resided in Florida.  On Schedule C of his 2014 income tax return, Mr. Hagos reported other expenses of $21,160, consisting of:  uniform cleaning, $751; safety shoes, $79; tax return fee, $100; commercial auto insurance, $3,349; city tax, $121; taxes and license, $150; Uber fees, $15,099; Uber miscellaneous fees, $991; and Uber telephone rental fee, $520.  Respondent allowed deductions for Schedule C other expenses for Uber fees of $12,718 and device subscription fees of $390.

Mr. Hagos asserts that he had expenses for the cleaning of shirts and suits, but he failed to provide amounts paid, the number of items laundered, or any documentation to substantiate the expenses.  He maintains that he bought a lot of shoes but provided no other details or any documentation.  He also alleges that he

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** hired someone to prepare his tax return for 2014, but no further information is provided in this record.

Mr. Hagos also alleges that he paid $1,000 down and around $200 per month for his commercial auto insurance. He did not provide the name of the insurance company, nor did he substantiate the amount paid in 2014. He also failed to explain why he reported more in Uber fees and device subscription fees than Uber reported to him.

On Schedule C of his 2014 income tax return Mr. Hagos listed repairs and maintenance of $5,345. Respondent disallowed any deduction for the full amount. Mr. Hagos could not explain how he determined the $5,345. Nor could he explain how he determined the $20,540 shown on Schedule C for rent or lease of vehicles, machinery, and equipment.

On Schedule C of his 2014 income tax return, Mr. Hagos reported car and truck expenses of $44,729, representing 79,873 miles. He reported both mileage and actual expenses as car and truck expenses. He asserts that he drove 70,000 miles for his business. Respondent allowed a deduction for car and truck expenses of $5,286, representing 9,439 miles, on the basis of the number of miles Uber reported as miles driven for customers. The expenses for oil changes, new tires,

**[*4]** and transmission problems are allegedly included in the $44,729, but Mr. Hagos did not substantiate any of these expenses.

In 2014 Mr. Hagos was living and working in California as an Uber driver. He drove a 2007 Cadillac Escalade. He sold the vehicle to Crown Auto Sales and Leasing on August 17, 2015, with mileage of 189,860. He did not provide any proof of the mileage at the beginning or the end of 2014. There was no proof of the year or the mileage when he acquired the vehicle. Mr. Hagos claims that during the period he owned the vehicle he drove approximately 100,000 miles, 70,000 of which were purportedly driven in 2014. This leaves 30,000 miles driven sometime between the time he acquired the vehicle through the end of 2013 and the first eight months of 2015. There is no evidence to support Mr. Hagos' estimate. Mr. Hagos asserts that he drove private clients but failed to provide any documentation to show the mileage or purpose of the trips or who his customers were. He also failed to provide any evidence to show the mileage or other expenses related to this activity.

Mr. Hagos alleges that the $6,915 reported as travel expenses was for travel, meals, and hotels in Florida for the three or four times when he had treatment for a serious medical problem. He also asserts that he sometimes purchased water, ice, cookies, or chips for customers but admits that he did not have any receipts and

[*5] did not remember how much he spent. He did not have any receipts to provide to his return preparer when his 2014 tax return was prepared.

Mr. Hagos failed to provide any evidence other than his testimony for any of the expenses reported on his Schedule C.

Respondent's notice of deficiency determined a deficiency of $17,934 for 2014 and a penalty of $3,586.80.

OPINION

Deductions are a matter of legislative grace, and taxpayers have the burden to show they satisfy the specific requirements for any deduction claimed. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must maintain supporting records to substantiate their deductions. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 835-837 (1974); Sparkman v. Commissioner, T.C. Memo. 2005-136, slip op. at 30-31, aff'd, 509 F.3d 1149 (9th Cir. 2007); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A necessary expense is one that is "appropriate and helpful" to the taxpayer's business; ordinary expenses are those that are common or frequent in

**[*6]** the type of business in which the taxpayer is engaged. <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940); <u>Welch v. Helvering</u>, 290 U.S. 111, 113 (1933). Personal, living, and family expenses are generally not deductible. Sec. 262.

Mr. Hagos reported other expenses of $21,160, repairs and maintenance of $5,345, and car and truck expenses of $44,729 on Schedule C of his 2014 income tax return. The notice of deficiency disallowed deductions for these expenses because Mr. Hagos failed to demonstrate that he had incurred them. Mr. Hagos could not clearly explain how the car and truck expenses were determined other than by referring to the amounts Uber provided to him. He has provided no basis for the Court to estimate any expenses. In sum, the record is simply devoid of any information to substantiate any amount above the $5,286 (equivalent to 9,438 miles) reported by Uber for car and truck expenses and any amount of other expenses or repairs and maintenance expenses for the 2014 taxable year. We could make a guess as to certain additional mileage but that is not appropriate. See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

A taxpayer must keep books or records that substantiate the expenses underlying each deduction claimed on his or her return. Sec. 6001; <u>Roberts v. Commissioner</u>, 62 T.C. at 836. Claiming a deduction on an income tax return is not sufficient to substantiate the underlying expense. <u>Wilkinson v. Commissioner</u>,

**[\*7]** 71 T.C. 633, 639 (1979). Rather, an income tax return "is merely a statement of the \* \* \* [taxpayer's] claim \* \* \* ; it is not presumed to be correct." Roberts v. Commissioner, 62 T.C. at 837.

Certain categories of expenses must satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. However, there is no need to apply section 274 in this case because Mr. Hagos has failed to provide any records to support the reported expenses in dispute, and they must be disallowed as a matter of lack of substantiation and the burden of proof.

The remaining issue is the accuracy-related penalty under section 6662(a). In Graev v. Commissioner, 149 T.C. \_\_\_ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016), the Court held that, for imposition of the section 6662(a) penalty, the Commissioner must establish that he complied with the section 6751(b)(1) requirement that the initial determination of the assessment of certain penalties, including the section 6662(a) penalty, was personally approved in writing by the immediate supervisor of the individual making the determination. Graev v. Commissioner, 149 T.C. at \_\_\_ (slip op. at 14).

After trial respondent filed a motion to reopen the record to submit additional evidence to meet the Graev requirement. Petitioner opposed the motion. The Court then issued the following order on April 4, 2018:

**[*8]**         Upon due consideration of respondent's Motion to Reopen the Record, filed February 28, 2018, and petitioner's Opposition to Motion to Reopen the Record, filed April 2, 2018, it is

ORDERED that petitioner has until July 2, 2018, to engage in discovery regarding the Civil Penalty Approval Form attached to the Declaration of Montina L. Buckingham.  Such discovery may include matters authorized by Rules 70, 71, 72 and 74, Tax Court Rules of Practice and Procedure.  It is further

ORDERED that the parties are directed on or before July 20, 2018, to file a report whether factual disputes remain regarding the Civil Penalty Approval Form.

On May 4, 2018, Mr. Hagos' counsel moved to withdraw.  Without objection from respondent, the motion to withdraw was granted.  Neither party responded to the Court's order of April 4, 2018.  We note respondent made no showing of an effort to stipulate evidence with Mr. Hagos or draft a stipulation to admit the civil penalty approval form into evidence before or after Mr. Hagos' counsel's withdrawal.

The Court issued a second order seeking a response on the Graev issue.  In response to this second order respondent simply asserts that the Court should reopen the record.  Given respondent's failure to respond to our order of April 4, 2018, to seriously seek an agreed resolution of the evidentiary issue, and to address the issues raised in petitioner's objection filed to the motion to reopen the

**[\*9]** record, we decline to reopen the record and hold that respondent has failed to carry the threshold burden for the Court to sustain the penalty.

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit. To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.