DAVID A. AND LINDA A. BLOOM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bloom v. Commissioner
Docket No. 1970-76.
United States Tax Court
T.C. Memo 1978-136; 1978 Tax Ct. Memo LEXIS 379; 37 T.C.M. (CCH) 582; T.C.M. (RIA) 780136; April 10, 1978, Filed Robert M. Tyle, for the petitioners. Joan B. Alexander, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *380 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $100.04 in petitioners' 1972 federal income tax. The issues for decision are: (1) Whether petitioners are entitled to a deduction for charitable contributions under section 170 in excess of the amount allowed by respondent, and (2) whether petitioners are entitled to an additional deduction for interest expense pursuant to section 163. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Horseheads, New York. Petitioners attend church on a regular basis and make their church contributions in cash. During *381 1972, petitioner David A. Bloom [3] attended church between fifty and sixty times. If he was unable to attend, his wife did and she made a donation. On the average, petitioners contributed $1 to $10 upon each visit. Members of the congregation could place their contributions into envelopes which identified the donors. Annually, the church issued a receipt for their contributions to the members who used the envelope system and published a list of the total amount each donor contributed. Petitioner did not use the envelope system in 1972, and, therefore, received no receipt. He considered the amount of money he gave to be private. He was unaware of the need to substantiate his charitable contributions for tax purposes with receipts. In addition to donating money to the church, petitioner gave cash to various civic and charitable organizations which solicited donations door-to-door. He refused to accept receipts for these donations. Prior to meeting with his accountant, petitioner prepared *382 a summary sheet of the notations with respect to charitable contributions which appeared on a family wall calendar, which summary, in conjunction with other information, his accountant used in preparing petitioner's 1972 federal income tax return. Petitioner did not give the calendar to his accountant. On his joint 1972 federal income tax return, petitioner claimed a charitable contribution deduction pursuant to section 170 in the amount of $383, as follows: St. Mary's Church
$166.00
2nd Collection
24.00
8 Holy Days
16.00
Missions
7.00
Lenten Service
12.00
Easter Offering
20.00
Christmas Offering
10.00
Thanksgiving Offering
5.00
Bishop Relief
5.00
World Day of Prayer
5.00
World Wide Communion
5.00
Migrant Fund
10.00
United Fund
10.00
Easter Seals
2.00
Christmas Seals
2.00
Flood Fund
20.00
Boy Scouts
2.00
Girl Scouts
2.00
Heart Fund
10.00
Cancer Fund
15.00
Assoc. for Blind
15.00
Salvation Army
20.00 Respondent determined that petitioner failed to substantiate his claimed charitable contributions in any amount, but allowed a deduction of $78 based on audit guidelines. Petitioner claimed a deduction of $1,971.41 for interest *383 paid in 1972. In the notice of deficiency, respondent made no adjustment in respect of interest, but conceded, prior to trial, that petitioner was entitled to an additional interest deduction of $87.23. At the hearing, petitioner raised the issue of whether he was entitled to a still greater interest deduction and, by consent of the parties, that issue was tried. [4] Petitioner paid interest in the amount of $55.28 in 1972 on his Master Charge account, which amount was not reflected on his return nor in respondent's concession. OPINION The issues here are purely factual. Petitioner, of course, has the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
The only probative evidence which petitioner offered was his oral testimony under oath. [5] Petitioner allegedly kept contemporaneous records of his contributions on a wall calendar, but he was unable to locate the calendar at the time of trial. *384 We found petitioner's testimony to be candid, forthright, and credible, but, nonetheless, nonspecific and based on vague recollections. Being convinced that petitioner did make qualifying charitable contributions during 1972, we are required to make an approximation of the amount thereof in accordance with our best judgment. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); see Mennuto v. Commissioner,56 T.C. 910, 923-924 (1971). Petitioner did not maintain receipts, although he had every opportunity to do so, and failed to introduce into evidence the canceled check for the one donation which he claims to have made by check; to the flood fund. With this in mind, and bearing heavily against petitioner, whose inexactitude is of his own making, we believe and therefore hold that he is entitled to a charitable contribution deduction in the amount $185of. Cohan v. Commissioner,supra.
At trial, the parties stipulated that petitioner was entitled to an additional deduction for interest expense in the amount of $87.23 paid on installment purchases. The interest expense deduction claimed on petitioner's return and the additional *385 deduction stipulated to above do not include $55.28 of interest paid in 1972 on petitioner's Master Charge account. Inasmuch as this item is not reflected on the return or in the above-mentioned stipulation, petitioner is entitled to a further interest expense deduction in that amount. * * *
In accordance with the foregoing, and to reflect other concessions by petitioners, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Inasmuch as Linda A. Bloom is a party to this proceeding primarily because she filed a joint return with her husband, for convenience we will refer to David A. Bloom as the petitioner.↩
4. See Rule 41(b)(1), Tax Court Rules of Practice and Procedure.↩
5. We allowed to be admitted in evidence the summary sheet which petitioner prepared just prior to the preparation of his tax return, but that exhibit was offered for the limited purpose of establishing on what basis the return was prepared; not for the truth of the facts contained therein. Petitioner's 1972 tax return was also in evidence, but the return is merely a statement of the petitioner's claim and does not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957).