MARTIN D. and VELVET B. HERZOG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herzog v. Commissioner
Docket No. 8221-76.
United States Tax Court
T.C. Memo 1978-146; 1978 Tax Ct. Memo LEXIS 366; 37 T.C.M. (CCH) 638; T.C.M. (RIA) 780146; April 17, 1978, Filed *366 Martin D. Herzog, pro se. Joseph C. Hollywood, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,065.75 in petitioners' Federal income tax for 1974. The deficiency is due to respondent's disallowance of certain deductions claimed on petitioners' 1974 return with respect to moving expenses, automobile expenses and sales taxes. All of the facts have been stipulated and are so found. Petitioners, Martin D. and Velvet B. Herzog, are husband and wife, who resided in Tampa, Fla., at the time of filing their petition herein. The couple filed a joint Federal income tax return for 1974 with the Internal Revenue Service Center in Chamblee, Ga.
Petitioner Martin D. Herzog appeared at the trial of this case, and despite the urging of the Court to do so, refused to present evidence to support the various deductions disallowed by respondent in his notice of deficiency. This refusal was premised on Martin's contention that requiring petitioners to present such evidence would violate their Fifth Amendment privilege against self-incrimination or would constitute an unreasonable search and seizure prohibited by the *367 Fourth Amendment. We are not persuaded by either argument. With respect to petitioners' self-incrimination contention, the record does not indicate that petitioners were the subject of a present or impending criminal prosecution at the time of trial. [1] Rather, petitioners simply maintain that supplying any evidence to support their deductions might result in their incrimination. Moreover, petitioners offered no evidence to show that such a criminal investigation was even a remote possibility. Therefore, we conclude that petitioners' Fifth Amendment privilege against self-incrimination is not violated by requiring them to substantiate their deductions. Roberts v. Commissioner,62 T.C. 834 (1974); see Rogers v. United States,340 U.S. 367 (1951). *368 Petitioners' argument that requiring them to produce evidence to support their deductions constitutes an illegal search and seizure is simply not supported by the record or as a matter of law. See Brod v. Commissioner,65 T.C. 948 (1976); Roberts v. Commissioner,supra.[2]
In view of the foregoing and petitioners' refusal to present any evidence at trial to substantiate the deductions in issue, we are compelled to sustain the deficiency. Decision will be entered for the respondent. Footnotes
1. At the time, respondent disavowed any knowledge that such an investigation was being either pursued or contemplated. Subsequently, on March 20, 1978, respondent informed this Court that petitioner Martin D. Herzog was notified that he was under a criminal investigation for his tax year 1976. Unfortunately for petitioners, this later development cannot be used to support Martin's argument at trial.↩
2. At trial, petitioners submitted a brief in support of their position. We have carefully reviewed the cases cited therein and have found them to be wholly inapposite to the present case so that any detailed discussion distinguishing them would be superfluous.↩