CARLTON AND ANN B. RENNIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rennie v. Commissioner
Docket No. 1794-76.
United States Tax Court
T.C. Memo 1979-2; 1979 Tax Ct. Memo LEXIS 518; 38 T.C.M. (CCH) 3; T.C.M. (RIA) 79002; January 3, 1979, Filed Robert M. Tyle, for the petitioners. George W. Connelly, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The *519 Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 302.21 in petitioners' 1972 federal income tax. Concessions having been made, the issues remaining for decision are: (1) The amount of the deduction for business transportation expenses to which petitioners are entitled under sections 162(a) and 62(2)(C), and (2) the amount of the deduction for charitable contributions to which petitioners are entitled under section 170 for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation, the exhibit thereto, and the supplemental stipulation are incorporated in these findings of fact by this reference. Petitioners resided at Beaver Dams, New York, at the time *520 the petition herein was filed. They timely filed their joint federal income tax return for the year involved with the Internal Revenue Center, Andover, Massachusetts. During 1972, petitioner Carlton Rennie was, by occupation, an insurance agent for Prudential Insurance Company. He was assigned to a limited area to service policies and to collect premiums. He solicited new policies over a much broader area of the State of New York. He used his own automobile extensively in his business. Petitioners claimed a deduction of $ 3,500.01 on their joint 1972 federal income tax return for business transportation expenses, based upon 31,479 miles of unreimbursed business use of Carlton's car, $ 122.60 for parking fees, and $ 94.30 for washing his car. [3] Respondent disallowed $ 1,250.01, determining that the correct amount of the deduction was $ 2,250, based upon 20,000 miles. Petitioners and their children attended the Corning Congregational Church in 1972. They made their regular contributions to the church in cash, using an envelope system which entitled donors to receipts for their contributions. Petitioners *521 received a receipt for $ 163 for 1972, which amount respondent allowed as a deduction. Petitioners also contributed amounts of cash in connection with other church solicitations and activities, such as the Sunday school. They did not use an envelope system for those contributions and received no receipts for them. They also made cash donations to various other civic and charitable organizations. They received no receipts for those, either. On their return for 1972, petitioners claimed a deduction of $ 521 for charitable contributions. In the notice of deficiency, respondent disallowed the amount claimed in excess of $ 163. Following the hearing of this matter, the parties stipulated their agreement to an additional allowance of $ 61 for contributions made by petitioners to the United Fund, as to which petitioners had originally claimed $ 104 and respondent had allowed nothing in the notice of deficiency. OPINION The issues here are purely factual. Petitioners, of course, have the burden of proving that respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner *522 Carlton Rennie, the only witness to testify at the hearing of this matter, testified that each morning when he left home (unless he was going to his office) he noted the reading on the odometer of his car and wrote it on a slip of paper. He testified that when he returned home from his business travels that day, he calculated the number of miles he had driven and recorded that in a 3 inch x 5 inch wire-ring bound notebook. (On mornings when he went to his office, it was his testimony that he recorded the beginning odometer reading when he left his office to go to his first call of the day.) The diary also showed some amounts as having been paid for parking, tolls, washing of the car, postage, church and other charitable contributions, and miscellaneous expenditures. Carlton testified that he entered the parking fees and what he called "church-related" donations in the diary contemporaneously with the expenditures to which they related. Upon questioning by the Court, he testified that, for use in preparing his tax returns, he had also kept "little pieces of paper" on which he had noted other contributions, but that he has no idea where those pieces of paper were at the time of the *523 hearing. The diary, comprised of two notebooks, was put in evidence. We do not find Carlton's testimony regarding the diary to be credible. Indeed, we are convinced that the diary is a fabrication. Our observation of the witness as he testified -- in robot fashion -- leads us to believe that he was not telling the truth. This belief is confirmed by the inconsistencies between his testimony and the contents of the diary [4] and, particularly, by the appearance of the notebooks, themselves. [5] All in all, we are persuaded that the diary was not kept contemporaneously with the events it purports to reflect but, rather, was prepared all at one time, probably well after the time in issue. By his admission, Carlton could not remember such expenditures as long as two weeks after they were made. *524 With the record left nearly barren of probative evidence to overcome the presumed correctness of respondent's determination, [6] we are unwilling to allow petitioners a deduction based upon miles traveled on business in excess of the 20,000 miles determined by respondent. Yet, it is inescapable that Carlton incurred some parking fees and that petitioners made some charitable contributions in excess of those evidenced by the receipt from their church and to the United Fund. We hold that $ 25 should be allowed for parking and $ 30 should be allowed for charitable contributions in addition to the amounts determined and conceded by respondent. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). * * *
In *525 accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pusuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners now concede that the car washes are not deductible.↩
4. By way of example, Carlton testified that he attended only the Corning Congregational Church in 1972, yet the putative diary shows some alleged contributions to a Methodist church. ↩
5. The covers and the faces and edges of the pages of the notebooks are incredibly clean for books handled as frequently as Carlton testified he made entries in them over such extended periods. The covers and pages show too little wear at the wire-ring bindings to allow us to believe that the diary was kept with the frequency which Carlton described. The ink with which the entries are made is uniform in color and intensity, belying Carlton's testimony that he made the entries daily or more frequently over a year's time. The handwriting is uniform and uniformly hurried.Some entries of miles appear as dollar amounts (viz. " $ 152,"".89," and "$ 1.92," for example).↩
6. Petitioners' 1972 tax return is in evidence, but the return is merely a statement of petitioners' claim and does not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957). We, therefore, have as probative evidence only the stipulations and Carlton's testimony, the latter of limited credibility, as previously noted.