RICHARD AND ELOISE CIOFFI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cioffi v. Commissioner
Docket No. 10450-77.
United States Tax Court
T.C. Memo 1980-223; 1980 Tax Ct. Memo LEXIS 364; 40 T.C.M. (CCH) 536; T.C.M. (RIA) 80223; June 25, 1980, Filed *364 Held: Allowability of claimed business expense deductions and other items, appropriateness of self-employment tax as well as negligence and delinquency penalties, determined. Richard Cioffi, pro se. Robert B. Marino, *366 for respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated July 22, 1977, respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Taxable Year Ended
Deficiency
Sec. 6651(a)
Sec. 6653(a)
December 31, 1973
$30,683.00
$0
$1,534.15
December 31, 1974
796.00
119.40
39.80
After concessions [1] the issues remaining for our decision relate to the allowability of a variety of claimed business expense deductions, the nature as ordinary or capital of a "liquidating dividend", petitioners' liability for self-employment tax and the appropriateness of negligence and delinquency penalties. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition herein petitioners Richard and Eloise Cioffi, husband and wife, resided in New York, New York. Petitioners filed a joint Federal income tax return for their taxable year ended December 31, 1973 with *367 the Internal Revenue Services Center at Holtsville, New York, on August 6, 1974. This return was timely filed due to an extension of time to file granted July 9, 1974. Petitioners filed a joint Federal income tax return for their taxable year ended December 31, 1974 with the Internal Revenue Service Center at Holtsville, New York, on December 29, 1975. This return was not timely filed. On February 13, 1970 Mr. Cioffi entered into an employment contract with the Bahama Realty Corporation (Realty). By this contract Mr. Cioffi was employed as president of Realty at an annual salary of $45,000 (later $55,000) plus expenses. In 1973 and 1974 Realty was the exclusive representative for the Grand Bahama Development Company. Realty has approximately 425 agents in its network of brokers and dealers in 40 countries around the world. Through this network Realty sold developed and undeveloped real estate to individuals throughout the world for the area of Freeport, Grand Bahama Island. As president of Realty Richard Cioffi was charged with responsibility for contacting industrial, commercial, financial and governmental leaders with a view to interesting them in investing in Freeport, *368 Grand Bahama and to work out any other mutually beneficial business arrangements such as mergers, joint ventures and partnerships. Also as president of Realty Mr. Cioffi assisted in putting together business arrangements of partnerships, mergers and joint ventures. Mr. Cioffi was provided with an office at Realty's headquarters in New Jersey. While Mr. Cioffi's employment contract called for Realty to reimburse him for at least part of his entertainment and travel expenses, it did not contemplate that all such expenses petitioner might incur would be automatically reimbursable. During 1973 Mrs. Cioffi was employed by the Happenstance Division of Puritan Fashion Corporation as Chief Dress Designer. Mrs. Cioffi's duties included designing garments, choosing fabrics, supervising fittings, draping, and sewing for sample lines. Mrs. Cioffi was also required to test the dresses manufactured by wearing her created fashions. Mrs. Cioffi's duties required her to work directly with public relations personnel, lawyers, fashion magazines, newspaper critics, as well as foreign and local groups. Mrs. Cioffi was required to attend a large number of meetings relating to the fashion industry, *369 showings and public relation sessions, magazine press parties, as well as national and international fashion shows. On April 8, 1973 Mrs. Cioffi incorporated Eloise Curtis International, Limited (Curtis) to handle her dress designing affairs. Petitioners were the only shareholders of this corporation.The corporation incurred substantial losses for its fiscal years ended March 31, 1974 and 1975. A substantial part of these losses were attributable to travel and entertainment expenses of the corporation. Mr. Cioffi, along with a previous Mrs. Cioffi, purchased a personal residence on August 7, 1966 for $37,000. In connection with Mr. Cioffi's divorce from this former Mrs. Cioffi this home was sold on March 29, 1973 for $67,500. One-half the proceeds of this sale were allocable to Mr. Cioffi. Mr. Cioffi did not purchase a replacement principal place of residence. Mr. Cioffi failed to report any of his gain from this sale on his 1973 return. In 1973 Mr. Cioffi received a "liquidating dividend" from Island Management Corporation (Island Management) in the amount of $5,535. Island Management was a company set up in the Bahamas to create a source of bonuses for some of the *370 executives of Realty, including petitioner. Petitioner owned no stock in that company. Petitioners claimed, and respondent disallowed, an "intangible drilling and development" expense deduction of $987 and a "lease operating expense" deduction of $79 for their taxable year 1973. No substantiation of any sort for these items was included in the record. Mr. Cioffi reported $10,017 as commission income for his taxable year 1974. Petitioners did not pay any self-employment tax with respect thereto. A summary of respondent's adjustments to petitioners' income for the taxable years before us is as follows: SCHEDULE OF DISPUTED ADJUSTMENTS
Taxable Year
ISSUE
1973
1974
EMPLOYEE BUSINESS EXPENSES
Mr. Richard Cioffi's Expenses
Entertainment
$ 6,152.00
$0
Office Supplies, Dues
4,670.00
0
Telephone
1,858.00
0
Business Meals
4,269.00
0
Home Office
1,865.00
0
Sales, Promotions, Meetings
6,296.00
0
Mrs. Eloise Cioffi's Expenses
Magazine Public Relation
2,812.00
0
Newspapers & Periodical
2,843.00
0
Fashion Trend Analysis
2,657.00
0
Retail Store Promotion
4,718.00
0
Trade Fashion Relations
2,195.00
0
Fabric and Style Analysis
3,574.00
0
Consumer Promotion
4,901.00
0
TOTAL
$48,810.00
$0
Liquidating Dividend
2,768.00
0
Schedule C Deductions
1,238.00
0
Sale Personal Residence
7,625.00
0
Self-Employment Taxes
0
791.00
Negligence Penalty
1,534.15
39.80
Delinquency Penalty
0
119.40
*371 OPINION First we shall treat petitioners' claimed business expense deductions. As might be expected respondent, citing Welch v. Helvering,290 U.S. 111 (1933), and Rule 142, Tax Court Rules of Practice and Procedure, argues that, as petitioners produced no substantiation for their claimed deductions, they have failed to carry their burden of proof with respect to the adjustments he has made. Only Mr. Cioffi testified, representing both himself and his wife, at the trial held herein.He produced no records at trial, except as is below noted.Mr. Cioffi's testimony, and his arguments on brief, deal primarily with his own deductions as opposed to his wife's claims. Mr. Cioffi argues, in effect, that we should excuse his failure to substantiate his claimed business expense deductions because he turned all his records over to respondent during audit and that respondent promptly lost all such records.Thus, the argument goes, petitioner cannot be held responsible for his failure to substantiate his claimed business expense deductions because respondent has already seen and lost his records. With respect to Mrs. Cioffi's claimed 1973 business expense deductions Mr. Cioffi *372 produced a reconstructed diary purporting to show a variety of expenses. This diary had been reconstructed by Mrs. Cioffi three or four years after the end of 1973 and relates to her fashion business. We first treat Mr. Cioffi's claimed business expense deductions for 1973. These fall into two categories, those that are described in section 274(d) [2] and those that are not: *373 Section 274(d) expenses
Nonsection 274(d) expenses
Entertainment $6,152
Office supplies, dues [3] $4,670
Business meals 4,269
Telephone 1,858
Sales, promotions, 6,296
Home office 1,865
meetings
Club dues ?
The section 274(d) expenses must, of course, meet the more stringent substantiation requirements of that section. Mr. Cioffi produced absolutely no substantiation of any kind with respect to any of his claimed 1973 business expense deductions. [4] Further Mr. Cioffi's story that respondent lost his records does not ring true. Indeed, Mr. Cioffi's story with respect to his deposit of his records with respect leaves serious doubts in our minds about its accuracy. *374 For example, Mr. Cioffi told the revenue agent involved in respondent's audit of his 1973 and 1974 taxable years that his records for these taxable years had been lost when his car was stolen in mid-1973. We do not wish to appear unduly skeptical, but we cannot accept petitioner's testimony that he lost his records for 1974 in 1973. Nor do we believe, having seen Mr. Cioffi and the agent side by side, that Mr. Cioffi was intimidated or threatened physically by the agent, as he claimed. In sum, we conclude that Mr. Cioffi's failure to produce records was unexcused and unreasonable. Mrs. Cioffi, who did not even appear at the trial, failed to produce any records other than the reconstructed diary discussed below. Her unexplained failure to produce any records is, thus, similarly unexcused. Because of the total lack of substantiating evidence for Mr. Cioffi's claimed section 274(d) business expense deductions for his taxable year 1973, including his claimed "dues" expenses, *375 we disallow them all in full. See section 1.274-5(c)(3), Income Tax Regs.
Mr. Cioffi's nonsection 274(d) expenses require different considerations. Mr. Cioffi claims both a home-office and office supplies deduction.Mr. Cioffi was provided with an office at work by Realty. He was not required by his employer to keep an office in his home. Rather, he kept an office at home only as a matter of personal convenience, comfort, or economy. Thus his claimed home-office deduction is not allowable. Sharon v. Commissioner,66 T.C. 515, 523, 524 (1976). But even were petitioner to have jumped this hurdle, petitioner would fail because he has failed to support or substantiate the amount of his home-office claim. Petitioner's office supplies deduction could be allowable in part, except for the fact that petitioner lumped it together with his "dues" expenses which we have disallowed. To allow petitioner part of his office supplies deduction would require that we make an allocation which is impossible to make, given the record before us. There is no evidence with respect to what part of the claimed "office supplies, dues" deduction is dues and what part is not dues. To *376 allocate any of the amount to "office supplies" would, therefore, necessitate an application of the rule of Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). Yet the rule described in Cohan is inapplicable to section 274(d) expenses. Section 1.274-5(a), Income Tax Regs.To apply Cohan to the allocation between section 274(d) and nonsection 274(d) expenses would simply vitiate the effect of section 274(d). This we refuse to do. None of the claimed "office supplies" deduction is, therefore, allowable. Petitioner's claimed telephone expense deduction is, we believe, allowable in part. Despite a lack of records to substantiate this claim, we are convinced that petitioner did incur some deductible telephone expense in 1973. As we believe that an allowance of 35 percent of petitioner's claimed telephone expense deduction is fair, we allow petitioner this percentage of his claim. Cohan v. Commissioner, supra.
Similar considerations apply to Mrs. Cioffi's claimed business expense deductions. The distinguishing factors between Mr. Cioffi's claimed expense deductions and Mrs. Cioffi's claimed deductions are that (1) Mrs. Cioffi attempted *377 to reconstruct her diary, and (2) Mrs. Cioffi failed to appear at trial to testify with respect to the reconstructed diary. Mrs. Cioffi's claimed deductible business expenses for her taxable year 1973 total $23,700. A large percentage, if not all, of these expenses appears to fall within the purview of section 724(d). [5] However, the record is insufficiently clear to enable a firm judgment on this issue. We have already discussed above our inability to allocate between section 274(d) and nonsection 274(d) expenses absent some evidentuary basis for such an allocation. As Mrs. Cioffi has failed to show what portion of her claimed business expenses were not subject to section 274(d), we proceed upon the basis that all such expenses are subject to that subsection's substantiation requirements. Section 274(d) requires that expenditures subject to that provision be substantiated by "adequate records" or other "sufficient evidence." Section 1.274-5(c)(1), Income Tax Regs. *378 "Adequate records" can obviously include records made at or near the time of the expenditure when the taxpayer had full present knowledge of each element of the expenditure. Section 1.274-5(c)(2), Income Tax Regs. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility. Clearly, an equal degree of credibility cannot be given to a statement prepared subsequent to the time of the expenditure when, generally, there is a lack of accurate recall. The corroborative evidence required to support a statement prepared subsequent to the time of the expenditure must, therefore, have a high degree of probative value to elevate such a statement to the same level of credibility offered by a record made at or near the time of the expenditure and supported by sufficient documentary evidence. Section 1.274-5(c)(1), Income Tax Regs. Of course, where the taxpayer establishes that failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake or other casualty, the taxpayer may substantiate *379 his claimed deductions by a reasonable reconstruction of his expenditures. Section 1.274-5(c)(5), Income Tax Regs.
Mrs. Cioffi has not met the requirements of the statute and the regulations. Mrs. Cioffi did not testify at the trial.There is no indication in the record that Mrs. Cioffi's failure to produce records was due to events beyond her control. Her freestanding reconstruction unsupported by even her own testimony cannot of itself meet the "adequate records" requirement of the regulations. [6] Further we have already held that petitioners' failure to produce records was unreasonable and was not beyond their control. Thus there is no basis upon which we could accept Mrs. Cioffi's reconstruction in lieu of her actual records. If a taxpayer fails to comply with the "adequate records" requirement with respect to an element of an expenditure, then the taxpayer must establish such element by other "sufficient evidence", i.e. (1) by his own statement, whether written or oral, containing specific information in detail *380 with respect to such element and (2) by other corroborative evidence sufficient to establish such element.Section 1.274-5(c)(3) and also section 1.274-5(c)(4), Income Tax Regs. Once again, Mrs. Cioffi's unsupported reconstruction cannot satisfy, of itself, these "sufficient evidence" requirements. None of her claimed deductions is allowable. But even were we to ignore the applicability of section 274(d) to Mrs. Cioffi's claimed business expense deductions, we would be unable to allow her the claimed deductions. We have previously noted that Mrs. Cioffi's reconstructed journal deals only with her designer business. Further we have noted that the reconstructed journal shows almost exclusively entertainment expenses. Yet Mrs. Cioffi's designer business, incorporated as Curtis, itself had substantial entertainment expenses which it deducted. It, indeed, is quite possible that the expenses Mrs. Cioffi is claiming were actually incurred, and deducted, by her corporation. At least there is no evidence to the contrary. Thus, we must disallow the claims for this reason also. The issue with respect to Mr. Cioffi's reported "liquidating dividend" and petitioners' unreported gain from *381 the sale of a principal residence are settled by the facts as revealed in the records. Petitioner testified at the trial herein that the "liquidating dividend" was received as a "bonus" from Realty with respect to services rendered and that he owned no stock in Island Management Company. Clearly such income is ordinary income in respect to services. Section 61, section 1222. But even if Mr. Cioffi did own stock in Island Management, he did not show that he exchanged this stock, or any part of it, for the distribution. Indeed on brief petitioner seems to indicate that Island Management is still in existence and did not liquidate. But even if petitioner established an exchange, he has failed to establish his stock basis. As Mr. Cioffi has failed to show that he is entitled to capital gain treatment the dividend must be treated as ordinary income. Next, Mr. Cioffi conceded receiving gain in 1973 on the sale of his personal residence. Petitioners did not report any of this gain on their 1973 return, although he did not qualify for any exclusion therefor. Clearly, therefore, we must hold for respondent on this issue. In 1974 petitioner reported $10,017 in commission income. *382 Section 1401 imposes a tax on all self-employment income. Petitioner's commission income qualifies as self-employment income. Section 1402(b). Petitioners failed to pay such tax. Respondent's adjustment with respect thereto is, therefore, sustained. Respondent disallowed certain "schedule C" deductions consisting of an intangible drilling and development expense and a lease operating expense. No evidence was introduced with respect to these claimed deductions by petitioners. The burden was theirs. See Roberts V. Commissioner, 62 T.C. 834, 836 (1974).These claims are disallowed. The final issues to be decided are whether petitioners are liable for the additions to tax described in section 6651(a)(1) and section 6653(a). Petitioners' 1974 return was not timely filed. Section 6651(a) provides for an addition to tax if a return is not timely filed, unless it is shown that the failure to file timely was due to reasonable cause and not due to willful neglect. Petitioners made no such showing herein. We sustain this addition to tax. Section 6653(a) provides an addition to tax if any part of an underpayment is due to negligence or intentional disregard of *383 rules and regulations, but without intent to defraud. The burden is upon petitioners. Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Failure to report any gain from the sale of Mr. Cioffi's principal residence and failure to pay any self-employment tax on commission income are the most obvious omissions before us. Such omissions are at least negligent. We sustain the section 6653(a) addition to tax. Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded petitioners' claimed $5,286 medical expense deduction.↩
2. SEC. 274(d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift.↩
3. Petitioner, an avid golfer, claimed an "office supplies, dues" deduction of $4,670. Club "dues" are sec. 274(d) expenses. Sec. 1.274-2(e)(3)(ii), Income Tax Regs.↩ As no separate total for "dues" was stated we have, for convenience, left petitioners' "office supplies, dues" deduction listed under nonsection 274(d) expenses while at the same time listing a separate "dues" item in the sec. 274(d) column for the purpose of indicating that club dues are of themselves sec. 274(d) expenses.
4. Mr. Cioffi did produce letters from third parties to himself indicating in general that he had been employed by Realty. These, unfortunately, do not serve to substantiate any particular expenses.↩
5. We note, for example, that Mrs. Cioffi's reconstructed 1973 diary showed approximately $27,210.66 of primarily entertainment expenses. These expenses alone exceed her business expense claim of $23,700.↩
6. Solely for purposes of this pro se case we have given no consideration to the hearsay nature of Mr. Cioffi's testimony with respect to his wife's diary.↩