LLOYD B. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 2205-78.
United States Tax Court
T.C. Memo 1981-296; 1981 Tax Ct. Memo LEXIS 448; 42 T.C.M. (CCH) 95; T.C.M. (RIA) 81296; June 17, 1981. *448 Petitioner received $ 22,078.27 compensation during 1976, from which $ 1,424.14 in Federal tax was withheld. Petitioner filed a modified Form 1040 for 1976 containing various Constitutional objections to the income tax. Held, petitioner's compensation was gross income. Held further, section 6653(a) addition to the tax is properly imposed. Lloyd B. Miller, pro se. Richard C. McLaughlin, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent has determined a deficiency of $ 4,663 in petitioner's 1976 Federal income taxes. In his answer respondent determined an addition to tax under section 6653(a) [1] of $ 233.15 for 1976. The issues for *449 our decision are whether petitioner's wages are gross income and whether any part of the underpayment of petitioner's 1976 tax was due to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Plymouth, Minnesota when he filed his petition herein and a resident of Wayzata, Minnesota when he filed his amended petition herein. During 1976 petitioner worked as an engineer for Control Data Corporation (Control Data). Petitioner received $ 22,078.27 in wages from Control Data during 1976. During 1976 petitioner worked 40 hours per week for Control Data. Petitioner filed a 32-page "protestor return" for 1976 with the Director of the Ogden Service Center, Ogden, Utah. This document disclosed petitioner's name, address, social security number, occupation, filing status (single), exemptions(1), and tax withheld *450 of $ 1,424.14. [2] Petitioner refused to complete any other items on the Form 1040, as modified, based on the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments to the Constitution. Attached to this document was a Form W-2 for 1976 showing $ 22,078.27 in wages for 1976 and Federal income tax withheld of $ 1,424.14. OPINION Petitioner contends that his wages were received from Control Data in an equal exchange for his services and thus no gain existed which can be taxed.Respondent maintains that wages constitute gross income. Petitioner's argument is meritless. Compensation received in exchange for services is clearly gross income. Section 61(a)(1); Eisner v. Macomber, 252 U.S. 189, 207 (1920). The fact that petitioner labored for his compensation does not render the compensation nontaxable. Accordingly, we sustain respondent's deficiency determination. Respondent has also determined, by way of his answer *451 herein, that petitioner's underpayment of taxes was due to negligence or intentional disregard of rules and regulations. Because this issue was raised in the answer respondent bears that burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.[3]
Petitioner filed a document which disclosed, by way of the attached Form W-2, only his gross wages and tax withheld. No payment of tax accompanied petitioner's purported return. Petitioner's reason for not paying the tax due was that his wages did not constitute gross income. The addition to tax provided by section 6653(a) will not be applicable when a "bona fide dispute which presents substantial issues of law and fact" exists. Scott v. Commissioner, 61 T.C. 654, 663 (1974). Petitioner's belief, however genuine, that his wages did not constitute income *452 does not present such a dispute. It has been clear for decades that wages are income. Therefore we find that no bona fide dispute existed as to the taxability of petitioner's wages and consequently that petitioner's underpayment of tax was due to negligence or intentional disregard of rules and regulations. [4]
Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. The 32-page document consisted of 2 pages of a modified Form 1040 upon which various protests and arguments are made, and 30 pages of sundry charts, articles, and affidavits assailing the constitutionality of the Federal income tax.↩
3. We note here that petitioner has challenged the constitutionality of Rule 142(a), which typically operates to place the burden of proof upon the petitioner. Petitioner's contention is without merit. Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975); Roberts v. Commissioner, 62 T.C. 834, 837-839↩ (1974).
4. See Wangrud v. Commissioner, T.C. Memo. 1980-162↩ where, under almost identical facts we held that respondent had satisfied his burden of proof on the section 6653(a) addition to tax.