HAROLD P. KUPERSMIT and BARBARA A. KUPERSMIT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kupersmit v. Commissioner
Docket No. 3688-83.
United States Tax Court
T.C. Memo 1984-469; 1984 Tax Ct. Memo LEXIS 205; 48 T.C.M. (CCH) 1017; T.C.M. (RIA) 84469; September 4, 1984. Harold P. Kupersmit, pro se. Eugene J. Wien, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Joan Seitz Pate pursuant to sections 7456(c) and (d) of the Internal Revenue Code of 1954, as amended, General Order No. 8 (81 T.C. XXIII) (1983), and Rules 180 and 181, Tax Court *206 Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $11,249.35. The issues for decision are (1) whether petitioners may deduct cost of goods sold of $23,060, and (2) whether they may deduct commissions paid of $6,743, in computing their net income for 1979. Harold P. Kupersmit (hereinafter referred to as "petitioner") and Barbara A. Kupersmit, his wife, filed a joint Federal income tax return for the year 1979. They were residents of Levittown, Pennsylvania both at the time of filing their tax return and this petition. Petitioner operated a sole proprietorship known as the "Coffee Caboose", in and around Two Penn Center Plaza, a high rise building located in Philadelphia, Pennsylvania. Petitioner's business activities *207 consisted of selling coffee, tea, juice, bagels, pastries, and other foods from three mobile carts. Petitioner would take one cart outside the building from 7:00 a.m. to 9:00 a.m., where he operated as a street vendor. The other two carts were operated from 8:00 a.m. to noon by two part time employees. These employees were paid a commission based on eighteen to twenty percent of their gross sales. The record, however, does not contain the amount of the sales generated by these employees, nor any substantiation of the amounts paid as commissions. Petitioner did not issue either employee a Form W-2 or Form 1099. Petitioner stored his carts, supplies and business records in space leased on the twenty-first floor. The building's regular elevator serviced the first twenty floors and petitioner used the freight elevator to gain access to his space on the twenty-first floor. In February, 1980, the building manager notified petitioner that he intended to terminate early morning freight elevator service unless petitioner would bear the expense of having the elevator operator come in early. Since petitioner felt that he was unable to afford this charge and since he was unable to operate *208 his business without the use of the freight elevator, he was forced to discontinue his business operations soon thereafter. [2]
After terminating his business, petitioner was denied access to his equipment, supplies and records. His records subsequently were destroyed by the building's manager. Consequently, he did not produce any books and records at trial other than copies of his monthly bank statements for his business account. Petitioner claimed $23,060 as cost of goods sold and $6,743 as commissions paid on his 1979 return. Respondent's Statutory Notice of Deficiency disallowed the entire deduction for cost of goods sold and commissions paid. Respondent conceded on brief that petitioner incurred a cost of goods sold in the total amount of $11,073.94. Petitioner testified that his cost of goods sold averaged approximately *209 one-half of his total gross receipts. Total gross receipts for 1979 amounted to $45,200. Section 162(a) provides, that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Petitioner, however, bears the burden of proof that he is entitled to each of the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a) Tax Court Rules of Practice and Procedure.
Petitioner was required to keep permanent books of account and records to substantiate all of his deductions. Section 6001; section 1.6001-1(a); Income Tax Regs. Generally, where a taxpayer does not produce any records to substantiate his deductions, disallowance of claimed deductions is proper. See Roberts v. Commissioner,62 T.C. 834, 836 (1974); Quaker City Heating & Air Conditioning Co. v. Commissioner,T.C. Memo. 1979-106. In this case, however, the required records were kept by the petitioner, but later were destroyed by the building's owner during their dispute. Despite the loss of these records, petitioner is still required to carry his burden of proof. *210 See Holderness v. Commissioner,615 F.2d 401 (6th Cir. 1980) affg., T.C. Memo. 1977-5. Nevertheless, deductions may be proven by methods other than contemporaneously kept records. See Finch v. Commissioner,T.C. Memo. 1981-233; Phillips v. Commissioner,T.C. Memo. 1979-239. Petitioner presented testimony of two of his suppliers at trial and respondent has conceded these amounts. Petitioner also presented copies of bank statements and his own testimony at trial to further substantiate his deductions. Petitioner urges, and this Court is well aware, that a business engaged in selling products cannot operate without incurring costs for goods which are resold. We believe that petitioners testimony regarding his margin on sales is credible and reasonable. Therefore using our best approximation, we find that petitioner may deduct $11,000 over and above the $11,073.94 already conceded by respondent as his cost of goods sold during 1979. Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). However, petitioner failed to supply any details to substantiate the $6,743.15 deduction he claimed for commission *211 expense. Although he testified to the commission rate, he also testified that the commissions were based on the sales made by his employees. He did not furnish the Court with any information as to the amount of such receipts. From the record, it is impossible to segregate the sales made by the petitioner personally from the sales made by his employees. Further, petitioner did not file information returns showing the total commissions paid. Under these circumstances the Court has no basis with which to even attempt an approximation. Accordingly, we sustain respondent's disallowance of the deduction for commissions. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to "Rules" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Petitioner filed suit in the Court of Philadelphia County against the building's owners in December, 1981 for breach of his lease agreement. He initially sought to recover $10,000 (plus interest and costs) for lost profits from June 1, 1980 through the expiration of his lease on February 13, 1981. This $10,000 was later reduced to $7,700 at arbitration.↩