T.C. Summary Opinion 2008-36

UNITED STATES TAX COURT

RODOLFO C. UY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24177-05S.                Filed April 8, 2008.

Paul Iannone, for petitioner.

Michelle Maniscalco, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

On his income tax returns for 2003 and 2004, petitioner claimed the following rental real estate and pass-through loss deductions which respondent disallowed:

|  | 2003 | 2004 |
|---|---|---|
| Rental real estate | $49,896 | $5,400 |
| Pass-through loss from S corporation | 63,176 | 54,393 |
| Total | 113,072 | 59,793 |

As a result of these disallowances, respondent determined deficiencies in petitioner's income taxes of $36,091 for 2003, and $24,098 for 2004. In computing the deficiencies respondent increased the amounts of alternative minimum tax shown on the returns and recomputed the amount of itemized deductions allowable, taking into account the limitations due to adjusted gross income under section 67.

After concessions,[2] the remaining issues for decision are: (1) Whether we may consider petitioner's argument that he is entitled to deduct a current net passive activity loss and prior years' losses for 2003, and if so, whether petitioner has met his burden of proof with respect to these claims; and (2) whether petitioner is entitled to deduct certain other suspended passive activity losses for 2003.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and the accompanying exhibits.

At the time the petition was filed, petitioner resided in New York, New York.

During the taxable year in issue, petitioner worked for Wakefield Medical Professionals, P.C., as a physician

---

[2] Respondent concedes that petitioner is entitled to a $113,072 passive activity loss deduction for 2003.  This amount represents the aggregate of petitioner's rental real estate loss of $49,896 and a pass-through loss of $63,176 stemming from his ownership of an S corporation.  Respondent acknowledges that petitioner is entitled to deduct the aforementioned amounts as a passive activity loss on the basis of the $136,509 of passive activity gain that petitioner reported for 2003.  Petitioner concedes that he is not entitled to a deduction for either rental real estate losses or a pass-through loss for the taxable year 2004.  On brief petitioner concedes that for 2003 his S corporation activity was a passive activity.  Inasmuch as petitioner failed to appear at trial and present credible evidence to support his contention that he was an active participant in his real estate activity for 2003, we deem this issue conceded.

specializing in pediatric medicine. In this capacity petitioner managed five medical offices and a staff comprising five pediatricians and two interns.

In 2003 and 2004, in addition to working as a physician, petitioner was the sole owner of R & D Super Laundromat, an S corporation, located in Bronx, New York.

On his returns and in his petition, petitioner maintained that he actively participated in rental real estate and S corporation activities in 2003 and 2004.

Rental Real Estate Activities

Petitioner attached to his 2003 return a Schedule E, Supplemental Income and Loss, which listed six rental income properties. Petitioner reported deductible losses for five of these properties on line 23, Deductible rental real estate loss, as follows: (1) Residential co-op, 67-105 Burns Street, Apartment 105-3B--$5,845; (2) residential co-op, 67-109 Burns Street, Apartment 109-1B--$6,081; (3) residential building, 4409 Byron Avenue, Bronx, New York--$1,862; (4) residential condo, 301 W. 57th Street, Apartment #18B, New York--$15,346; and (5) condo, 201 Ohua Avenue, #1813, Honolulu, Hawaii--$20,762. Petitioner reported the $49,896 total of deductible rental real estate losses for the five properties on line 17, Rental real estate, royalties, partnerships, S corporations, trusts, etc., of his 2003 Form 1040, U.S. Individual Income Tax Return. Petitioner

did not report as deductible a $3,150 loss for the sixth property, a residential condo located at 5401 Collins Avenue, Miami, Florida (the Collins Avenue property), which he listed on line 22, Income or (loss) from rental real estate or royalty properties of his Schedule E. Petitioner sold the Collins Avenue property on March 20, 2003, and the residential co-op located at 67-105 Burns Street, Apartment 105-3B (the Burns Street property) on June 23, 2003. Petitioner reported the sales on Form 4797, Sales of Business Property, as follows:

|  | Burns Street Property | Collins Avenue Property |
|---|---|---|
| Gross sale price | $100,000 | $220,711 |
| Cost or other basis | 77,820 | 157,755 |
| Depreciation | 20,474 | 30,899 |
| Adjusted basis | 57,346 | 126,856 |
| Total gain | 42,654 | 93,855 |

Petitioner's total gain from the sale of business property for 2003 was $136,509.

Current and Prior Years' Losses

On Form 8582, Passive Activity Loss Limitations, which he attached to his 2003 return, petitioner reported a $3,150 net loss for rental real estate activities with active participation (line 1b) and a $74,218 loss for unallowed losses for prior years (line 1c). Petitioner computed these figures using Worksheet 1--For Form 8582, Lines 1a, 1b, and 1c (Worksheet 1), which he

attached to his 2003 return and on which he reported the following:

| Name of activity | Current year Net income | Net loss | Prior years Unallowed loss | Overall gain or loss Gain | Loss |
|---|---|---|---|---|---|
| Residential co-op | --- | --- | $26,018 | --- | $26,018 |
| Residential co-op | --- | --- | 6,862 | --- | 6,862 |
| Residential building | --- | --- | 28,267 | --- | 28,267 |
| Residential condo | --- | $3,150 | 13,071 | --- | 16,221 |
| Total | --- | 3,150 | 74,218 | --- | 77,368 |

Petitioner entered $77,368, the total of current and prior years' losses, on line 4 of Form 8582. On the basis of this entry, the form instructed petitioner to complete Part II, Special Allowance for Rental Real Estate With Active Participation. Because petitioner's modified adjusted gross income for 2003--as reported on Part II--was $299,805, petitioner could not deduct any portion of the $77,368 from his nonpassive income for that year.[3]

Petitioner's Failure To Appear

This case was set for trial on February 5, 2007, at the Court's trial session in New York, New York. Petitioner did not appear at the calendar call. Petitioner's counsel, Mr. Iannone, appeared and asked for a continuance on the grounds that petitioner was out of town and that Mr. Iannone had been retained

---

[3] A taxpayer who "actively participated" in a rental real estate activity may deduct a maximum loss of $25,000 per year related to the activity. Sec. 469(i)(1) and (2). This exception is fully phased out, however, when adjusted gross income (AGI) equals or exceeds $150,000. Sec. 469(i)(3)(A), (F). Petitioner reported AGI of $299,805. Under sec. 469(i)(3)(F)(iv), AGI is determined without regard to any passive activity or any loss allowable by reason of sec. 469(c)(7).

as counsel 2 days before the calendar call.  The Court denied this motion, set the case for recall, and firmly instructed Mr. Iannone to meet with his client before trial.

When this case was recalled for trial, Mr. Iannone and respondent's counsel appeared and were heard.  The parties filed a stipulation of facts with attached exhibits.  Petitioner did not appear in court, and Mr. Iannone was unable to present any meaningful evidence as to the issues.  The Court closed the proceedings and provided the parties with the opportunity to file posttrial briefs.

### Discussion

The Commissioner's determination as set forth in a notice of deficiency is generally presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a) the burden of proof as to factual matters shifts to the Commissioner where the taxpayer complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information.  On the basis of our review of the record, and for the reasons discussed infra, we conclude that petitioner did not comply with these requirements, and thus, the burden of proof remains with petitioner.

On brief petitioner argues that respondent carries the burden of proof as a result of his concession for 2003. We do not agree. Rule 142(a)(1) would place the burden of proof on respondent only if respondent pleaded a new matter in his answer. For the reasons discussed infra, we conclude that respondent did not plead or raise on brief any new matter, and therefore, respondent bears no additional burden of proof.

Deductions are a matter of legislative grace, and a taxpayer generally bears the burden of proving that he is entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). A taxpayer bears the burden of proof with respect to his entitlement to claimed loss deductions. Lee v. Commissioner, T.C. Memo. 2006-70. A taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner's Contentions

Petitioner's argument is based on a two-pronged approach. First, petitioner argues that he is entitled--at a minimum--to a $23,437 passive activity loss deduction for 2003. This amount-- $23,437--if coupled with the amount respondent conceded as petitioner's passive activity loss for 2003, $113,072, equals

$136,509 of petitioner's total gain from passive activities, namely real estate, for 2003.

The $23,437 figure represents the $3,150 loss associated with the Collins Avenue property, which petitioner reported on line 22 of his Schedule E (but did not actually report as a deductible loss on line 23) and included on line 1b of his Form 8582, and $20,287 of the $74,218 of prior years' losses, which petitioner included on line 1c of his Form 8582.

Petitioner argues that the Forms 1040, for taxable years 1997 through 2002 which were attached as exhibits to his reply brief, substantiate adequately the $74,218 of prior years' losses.

Second, petitioner argues in the alternative that he is entitled to a $42,239 suspended loss deduction for 2003. Specifically, petitioner argues his claim to current and cumulative suspended losses of $26,018 and $16,221 ($42,239 total) for the Collins Avenue property and the Burns Street property, respectively, on the basis that he disposed of his entire interest in each activity in 2003.[4] Petitioner claims that because he sold both of the properties in 2003, the unused or suspended passive activity losses associated with those properties should first be used to offset his passive income gain

---

[4] Although not contained in the petition, this argument was raised by petitioner's counsel during opening statements. Respondent's reply brief is responsive to this issue.

and, to the extent that gain is exceeded (in this case by $17,802, or $42,239 - $24,437), his nonpassive income for that year.

Respondent's Contentions

With respect to the deductible losses raised for the first time in petitioner's posttrial briefs, respondent contends that petitioner is barred from raising as a new issue for decision either his entitlement to deduct the current year loss associated with the Collins Avenue property or the prior years' losses for the taxable years 1997 through 2002 because: (1) The petition seeks relief specifically and only under section 469(c)(7) and; (2) even if petitioner were entitled to raise as an issue the aforementioned losses, he has not met his burden of proof.

Furthermore, respondent contends that petitioner is not entitled to suspended loss deductions of $26,018 and $16,221 for 2003 from his sale of the properties in that year because Worksheet 1 does not identify sufficiently the properties listed on Schedule E, and petitioner has failed to substantiate the suspended passive activity losses reported on Worksheet 1.

Current and Prior Years' Losses

With respect to petitioner's argument that he is entitled to claim current and prior years' losses for 2003, we agree with respondent that this issue was raised for the first time in petitioner's opening brief. The Court has consistently held that

it will not consider issues raised for the first time on brief. Estate of Kleemeier v. Commissioner, 58 T.C. 241, 248-249 (1972). Contrary to petitioner's belief, this issue was not raised by respondent directly or by respondent's concession but was raised for the first time on brief by petitioner.

Assuming arguendo that we may consider this issue, petitioner cannot prevail. Petitioner argues on brief his entitlement to these losses on the basis that: (1) Respondent conceded that his rental real estate and S corporation activities were passive activities for 2003; (2) had he characterized these activities as passive activities when he filed his 2003 return, he would have claimed the $3,150 net passive loss deduction for the Collins Avenue property at that time; and (3) respondent had sufficient information in petitioner's return to adequately compute any allowable passive activity loss for 2003.

Respondent's concession that petitioner's rental real estate and S corporation activities were passive activities for 2003 does not entitle petitioner to claim additional passive loss deductions for that year; and even if it were to have this effect, petitioner would still be required to provide adequate substantiation for the claimed deductions. Petitioner has provided no proof establishing any amount of the current net passive activity loss deduction of $3,150 to which he now claims that he is entitled. Second, as petitioner admits, he did not

claim this net passive loss deduction for 2003. Respondent's concession, in itself, does not permit petitioner to recharacterize the items of income and loss reported on his 2003 return. It is not respondent's duty, as petitioner argues, to recompute the losses a taxpayer may be entitled to claim following a concession by respondent. On the basis of the foregoing, we conclude that petitioner is not entitled to any additional amount of current net passive loss deduction for 2003 above the amount respondent conceded.

Regarding the prior years' losses, we note that the petition very clearly--and very narrowly--limited petitioner's claim to entitlement for relief to that provided for under sections 465, 469(c)(7), and 1016, thereby excluding from our consideration section 469(d), which governs prior years' passive activity losses. Moreover, the petition requests no overpayment but merely states that petitioner is "entitled to all of the deductions claimed on his 2003 and 2004 1040 tax returns".

In general, no deduction is allowed in a year for an individual taxpayer's passive activity losses in excess of passive activity income. However, excess losses may be carried forward to subsequent years to offset subsequent passive activity income. Sec. 469(a), (b), (d).

The prior years' passive losses at issue were not claimed on petitioner's 2003 return and therefore do not fall among those

deductions that petitioner seeks entitlement to in his petition.
We again correct petitioner's misguided argument that the losses
in issue should be allowed on the basis of the figures listed on
petitioner's 2003 return and the returns for taxable years 1997
through 2002. Not only did petitioner fail to substantiate any
of the loss figures reported on his 2003 return; the returns for
taxable years 1997 through 2002, which were attached to
petitioner's reply brief, are not part of the evidence in this
case. See Rule 143(b); Logsdon v. Commissioner, T.C. Memo. 1997-
8.

Even if the Court had admitted these returns into evidence,
they, by themselves, cannot substantiate the loss figures
reported on petitioner's 2003 return. See Widemon v.
Commissioner, T.C. Memo. 2004-162 (applying principle to capital
losses). Accordingly, we conclude that petitioner is not
entitled to raise these purported prior years' losses as an issue
and that even if he were so entitled, he has failed to provide
any substantiation to support the losses to which he claims he is
entitled.

Suspended Passive Activity Losses

With regard to the treatment of a suspended passive activity
loss, section 469(g)(1)(A) provides for such a loss when a
taxpayer disposes of his entire interest in a passive activity in
a transaction where all of the gain or loss realized on the

disposition of the interest is recognized.  Section 469(g)(1)(A)

provides that the excess of--

> (i) any loss from such activity for the
> taxable year (determined after the
> application of subsection (b)), over
>
> (ii) any net income or gain for such
> taxable year from all other passive
> activities (determined after the application
> of subsection (b)),
>
> shall be treated as a loss which is not from a passive
> activity.

Accordingly, the usual result upon a taxable disposition of

a passive activity is that the taxpayer may use any remaining

suspended passive activity loss allocated to that activity first

against passive income from the same activity, then against net

passive income from other passive activities, and then as a

nonpassive loss.

On Worksheet 1, petitioner reported overall losses of

$26,018 for a "residential co-op" and $16,221 for a "residential

condo".  No further description of these properties was included

on Worksheet 1.  Since petitioner's Schedule E characterizes

three of the six total listed properties as "condo" and two of

the six total listed properties as "co-op", it is impossible for

the Court to ascertain definitively which of the Schedule E

properties correspond to the figures reported on Worksheet 1.  As

previously stated, petitioner raised these suspended losses as a

new issue, and therefore bears the burden of proof as to the amounts claimed.

Petitioner has not met his burden with respect to the standard for record keeping under section 6001. Petitioner provided no proof as to the amounts of the suspended losses to which he now claims that he is entitled. The only exhibits pertinent to this issue are petitioner's tax returns for 2003 and 2004. Contrary to petitioner's belief, a tax return alone is not proof of a taxpayer's entitlement to a deduction claimed therein; a tax return merely sets forth the taxpayer's claim. See Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Seabord Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957). Without substantive evidence, we simply cannot determine whether petitioner is entitled to deduct losses for 2003 from the properties that he sold in that year.

After concessions, it is agreed that petitioner's rental real estate activities were passive activities during the years in issue. While we agree that under section 469(g)(1)(A) petitioner would be entitled to claim a suspended loss deduction for 2003 on the basis of his disposition of his entire interest in the aforementioned passive activities, he did not do so on his 2003 return. This issue was first raised on brief. Moreover, we lack the necessary proof that he did, in fact, incur these losses. Accordingly, and on the basis of the foregoing, we hold

that petitioner has not met his burden with respect to this issue, and is therefore not entitled to claim a suspended loss deduction for the dispositions of his interests in the aforementioned passive activities for 2003.

To reflect the foregoing, including all concessions,

<u>Decision will be entered under Rule 155</u>.