T.C. Memo. 2014-164

UNITED STATES TAX COURT

HARRISON R. HUNTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7277-13.                    Filed August 14, 2014.

Harrison R. Hunter, pro se.

Heather K. McCluskey, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  The instant case involves petitioner's Federal income tax returns for 2009, 2010, and 2011 (years at issue).  In a notice of deficiency, respondent determined deficiencies and accuracy-related penalties under section 6662 as follows:

|  | [*2] Year | Deficiency | Penalty sec. 6662 |
|---|---|---|---|
|  | 2009 | $4,823 | n/a |
|  | 2010 | 10,653 | $2,130.60 |
|  | 2011 | 10,364 | 2,072.80 |

Petitioner timely petitioned this Court for redetermination of the determined deficiencies and accuracy-related penalties. See sec. 6213(a).[1] Petitioner resided in California at the time the petition was filed.

After petitioner's concessions,[2] we decide the following issues: (1) whether petitioner was entitled to deductions claimed on Schedule E, Supplemental Income and Loss, for the years at issue. We hold he is not; and (2) whether petitioner is liable for accuracy-related penalties for the years at issue. We hold he is.

------

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]For the tax year 2009 petitioner claimed a dependency exemption deduction for "M.C.C.", a person he claimed was his nephew. For tax years 2010 and 2011 petitioner claimed a dependency exemption deduction for "M.C.", a person he claimed was his grandchild. Before trial petitioner conceded that he was not entitled to the claimed dependency exemption deductions for the years at issue. Additionally, respondent conceded that petitioner did not underreport Social Security income by $1 for each of his tax years 2009 and 2011.

[*3]                          FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and the accompanying exhibits.

Petitioner was employed as a merchant marine with the Military Sealift Command during all the years at issue and until his retirement on December 31, 2013. Petitioner reported total income of $125,689, $117,635, and $120,504 for the years at issue, respectively. Though petitioner's formal education ended in the eighth grade, he earned his general education development while working for the Navy. Petitioner's occupation required him to be at sea for long periods. From November 28, 2008, to April 4, 2012, petitioner was deployed on the USNS Alan Shepard.

In 1992 petitioner purchased a three-bedroom house at 18078 Indiana Avenue in Lemoore, California (Lemoore property). For the years at issue petitioner used the address of his brother, James Hunter, on his tax returns. James Hunter resides at 1658 West 126th Street, Los Angeles, California. It is unclear from the record whether petitioner stayed with his brother when he was not at sea.

The Lemoore property was occupied by petitioner's friend Minerva Corfman from 2009 to 2011, but he was unsure exactly when Ms. Corfman moved

[*4] into and out of the property. Petitioner's furniture was kept in the Lemoore property during this period. Ms. Corfman had an agreement with petitioner to pay James Hunter, petitioner's brother, monthly rent of $450 and $210 for utilities. James Hunter did not have an ownership interest in the Lemoore property but managed the property on behalf of petitioner. James Hunter received one payment of $450 in 2008 or 2009 but did not receive any rent payments in 2010 or 2011. Petitioner made no attempts to collect rent from Ms. Corfman, nor did he take any steps to evict Ms. Corfman on the grounds of failure to pay rent. Petitioner moved into the Lemoore property in 2012.

Petitioner did not research comparable rental rates in the Lemoore, California, area and instead based the rental rate on what he believed Ms. Corfman could afford. The $450 rental rate was less than petitioner's monthly mortgage payment for the property, but it is unclear how much more the mortgage was.

Petitioner timely filed his tax returns for the years at issue. For each return petitioner attached a Schedule E on which he claimed a deduction for rental real estate losses. On his 2009 return petitioner reported zero rental real estate income and claimed deductions totaling $21,570, which included a mortgage interest deduction of $9,069 and a tax deduction of $974. On his 2010 return, petitioner reported zero rental real estate income and claimed deductions totaling $35,471,

[*5] which included a mortgage interest deduction of $8,656 and a tax deduction of $1,991. On his 2011 return, petitioner reported zero rental real estate income and claimed deductions totaling $35,029, which included a mortgage interest deduction of $8,206 and a tax deduction of $1,991. In total petitioner claimed $92,070 of rental expenses and reported zero rental income for the years at issue. In the notice of deficiency, respondent disallowed deductions for the mortgage interest expenses under Schedule E but allowed the deductions in full under Schedule A, Itemized Deductions. In addition, respondent allowed a deduction for $1,000 of interest expense for each of the years at issue. Petitioner did not maintain books or records for his rental activities.

## OPINION

### I.     Burden of Proof

In general, the Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor has he established his compliance with its requirements. Accordingly, petitioner bears the burden of proof.

[*6] II.     Schedule E Real Estate Loss Deductions

Deductions are allowed solely as a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. at 115. In addition, a taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

A.     Personal Use of the Lemoore Property

Section 212 allows for a deduction of ordinary and necessary expenses paid or incurred while managing or maintaining property held out for the production of income. Where a taxpayer uses a dwelling as a personal residence during the taxable year, however, deductions under section 212 are not allowed. Sec. 280A(a), (d); Osborne v. Commissioner, T.C. Memo. 1987-553. Pursuant to section 280A(d)(1), a dwelling is used as a personal residence if the taxpayer resides in the dwelling for the greater of 14 days or 10% of the number of days the dwelling is rented at fair rental value. Further, a dwelling is treated as a personal residence for each day that the dwelling is rented for less than fair rental value. Sec. 280A(d)(2)(C). "Fair rental value" is determined under a facts and

[*7] circumstances analysis. Id. To determine fair rental value, the Court will look at comparable rental rates in the rental property's area. See DiDonato v. Commissioner, T.C. Memo. 2013-11, at *92. Where there is no evidence to substantiate a taxpayer's claim that property was rented at fair market value, the trier of fact may determine that the property was not rented at fair rental value. Id. at *93 (citing Epstein v. Commissioner, T.C. Memo. 1994-34).

Petitioner has failed to establish that he did not use the Lemoore property as a personal residence while he was in California during the years at issue. At trial petitioner admitted that his furniture was left in the Lemoore property from 2009 to 2011. Petitioner did not provide any information regarding how much time he was not at sea (if any) and where he stayed during those times. Petitioner has failed to establish that he did not reside at the Lemoore property for the greater of 14 days or 10% of the number of days the dwelling was rented at fair rental value during the years at issue.

Even if petitioner did not reside at the Lemoore property, we still find that he used the property for personal purposes because he rented the dwelling for less than fair rental value. Petitioner stated that he based the amount of rent on what Ms. Corfman could pay rather than on the fair rental value rates for comparable properties in the Lemoore, California, area. In fact, petitioner collected only $450

[*8] in rent from 2008 to 2012. Petitioner is deemed to have used the property as a personal residence under section 280A(d)(2)(C). Because we find that he used the property as a personal residence, he is not entitled to claimed deductions other than deductions that are allowable without regard to its connection to the taxpayer's income producing activity, i.e., interest and taxes. Secs. 280A(b), 164(a), 163(h)(2)(D), and (4)(A).[3]

B.    Failure To Substantiate Claimed Deductions

Petitioner claimed tax deductions for $974, $1,991, and $1,991 for the years at issue, respectively. In the notice of deficiency, respondent allowed a deduction for $1,000 of property tax for each of the years at issue.[4]

---

[3]Respondent also argues that the claimed deductions should be disallowed under sec. 183. Sec. 280A was enacted to address congressional concern that the use of rental property by a taxpayer as a residence gave the taxpayer unwarranted opportunities to deduct personal expenses. Bolton v. Commissioner, 77 T.C. 104, 108 (1981) (citing S. Rept. No. 94-938, 94th Cong., 2d Sess. 150-152 (1976), and H.R. Rept. No. 94-658, 94th Cong., 1st Sess. 162-164 (1975), aff'd, 694 F.2d 556 (9th Cir. 1982). Sec. 280A was intended to provide "'definitive rules * * * to specify the extent to which personal use [of a home] would result in the disallowance of certain deductions in excess of gross income'" from the property. Id. Because we determined that petitioner is not entitled to certain deductions under sec. 280A, we need not conduct a sec. 183 analysis.

[4]Petitioner also claimed mortgage interest deductions of $9,069, $8,656, and $8,206 for the years at issue, respectively. Respondent allowed the interest deductions in full as itemized deductions under Schedule A. Accordingly, the mortgage interest deductions are not at issue.

[*9]   To be entitled to a deduction, a taxpayer must meet applicable substantiation requirements, whether generally imposed or imposed with respect to a specific item. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-37 (1974). A taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Taxpayers who fail to substantiate any item may be denied the claimed deduction.

Petitioner did not substantiate the property tax deductions he claimed for the years at issue. Accordingly, we deny petitioner's interest deductions beyond what respondent has already allowed.

III.   Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any underpayment attributable to any substantial understatement of income tax. An understatement is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). The Commissioner bears the burden of production with respect to this penalty. Sec. 7491(c).

The accuracy-related penalty is not imposed with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with

[*10] reasonable cause and in good faith depends upon all the relevant facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant. Id. Further, an honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Remy v. Commissioner, T.C. Memo. 1997-72.

Respondent's notice of deficiency, whose determinations we have sustained, determined an underpayment of $10,653 for 2010. The understatement of income tax exceeds the greater of $5,000 and 10% of the total tax required to be shown on petitioner's 2010 return. Likewise, respondent determined an underpayment of $10,364 on petitioner's 2011 return. The understatement of income tax exceeds the greater of $5,000 and 10% of the total tax required to be shown on that return. We find that petitioner's understatements of income tax for 2010 and 2011 are substantial and thus he is liable for section 6662(a) and (b)(2) accuracy-related penalties.

Petitioner has not provided any evidence that he acted with reasonable cause and in good faith for the years at issue. At trial petitioner claimed to have relied

[*11] upon the advice of a tax return preparer during the years at issue, but he failed to provide the tax return preparer's name, credentials, contact information, or any other information. To show that he reasonably relied on the advice of a professional and is thus not liable for section 6662(a) penalties, the taxpayer must prove: (1) the adviser was a competent professional who had sufficient expertise to justify the reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). Petitioner has failed to establish that any of the above requirements are satisfied.

Accordingly, we sustain respondent's imposition of the accuracy-related penalties for 2010 and 2011.

We have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to that reached herein.

To reflect the foregoing,

Decision will be entered under
Rule 155.